JUSTIN A. NELSON (TX SBN 24034766)*
jnelson@susmangodfrey.com
MATT BEHNCKE (TX SBN 24069355)*
mbehncke@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
*pro hac vice

KATHERINE M. PEASLEE (CA SBN 310298)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
kpeaslee@susmangodfrey.com

AMANDA BONN (CA SBN 270891)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiff Media Matters for America*
*(Additional parties and counsel listed with signature)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ANGELO CARUSONE, and ERIC HANANOKI | Case No. 3:25-cv-02397-VC |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD. | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 65 and Local Rules 7-10 and 65-1, Plaintiffs Media Matters for America ("Media Matters"), Angelo Carusone, and Eric Hananoki move for a temporary restraining order preventing Defendants X Corp ("X Corp"), Twitter International Unlimited Co. ("Twitter International"), and Twitter Asia Pacific Pte, LTD ("Twitter Asia Pacific) (collectively, "X") from seeking to enjoin Plaintiffs from prosecuting their claims in this lawsuit.

Plaintiffs filed suit in this Court on March 10, 2025, asserting that X's three lawsuits against Plaintiffs breached X's own Terms of Service, which require all parties to litigate any disputes related to X's Terms of Service in this Court. ECF 1. On March 11, Plaintiffs filed a Motion for Preliminary Injunction enjoining prosecution of X's international litigation in Ireland and Singapore. ECF 16. On March 12, after seeking agreement from X, Plaintiffs filed a motion to Shorten Time for X to respond to the Motion for Preliminary Injunction so that the Court could decide the Preliminary Injunction before an April 14 jurisdictional hearing in Singapore. ECF 17 at 2. Plaintiffs did not seek a temporary restraining order at that time because there was no basis for emergency relief. X has not answered the Complaint or responded to any of Plaintiffs' motions.

Plaintiffs now seek an emergency, *ex parte* temporary restraining order to preserve this Court's ability to decide the preliminary injunction with full participation by all parties. On the evening of Sunday, March 16, lawyers representing X Corp. in *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-1175 (N.D. Tex) (the "Texas Litigation") told counsel for Plaintiffs that they intend to file in the Texas Litigation a motion for a temporary restraining order and antisuit injunction prohibiting Plaintiffs from prosecuting their separate claims in this case. X's Texas counsel stated:

> X intends to file a motion for a temporary restraining order and antisuit injunction prohibiting Defendants from prosecuting their claims in the N.D. Cal. lawsuit, case no. 3:25-cv-02397-VC, which Defendants filed on March 10, 2025. That suit is improper. We assume that you are opposed and send this to provide notice of our emergency request. Nevertheless, if you would like to confer, we can make ourselves available for a call. We intend to file our motion no later than 9:00am Central Time on Monday, March 17, 2025.

EX. 1.  Plaintiffs do not understand how X could seek an antisuit injunction and X did not explain its basis for seeking emergency relief in the Texas Litigation except to say that this "suit is

PLAINTIFFS' EX PARTE APPLICATION FOR TRO, CASE NO. 3:25-cv-02397-VC

1

improper." *Id*. Plaintiffs' lawsuit in this Court does not touch X's claims in the Texas Litigation, and Plaintiffs expressly avoided raising issues that fell within the Texas court's jurisdiction in their complaint. ECF 1 at 6 n.7. If X believes that Plaintiffs' "suit is improper," X must respect this Court's jurisdiction by bringing its defenses to Plaintiffs' claims in this Court, where Plaintiffs properly filed them.

Plaintiffs therefore file this emergency application for an *ex parte* temporary restraining order. The only relief Plaintiffs seek is to enjoin or otherwise prohibit X from seeking to prevent Plaintiffs from pursuing their claims in this Court. In other words, the temporary restraining order is designed to allow this Court to decide the pending Motion for Preliminary Injunction that Plaintiffs filed on March 11. ECF 16. Because of the exigent circumstances, Plaintiffs request an immediate order before 2 pm on March 17, 2025, to preserve the status quo and prevent X from filing its threatened anti-suit injunction.

## BACKGROUND

In November 2023, Plaintiffs published several articles about X's inability to protect its advertisers from having their advertisements appear alongside pro-Nazi and other extremist content. ECF 16 at 8–9. Plaintiffs' articles depicted actual images of advertisements for large corporations appearing next to extremist content. *Id.* at 9. X could not deny that the pairings featured in the article actually occurred. In other words, it did not—and still does not—deny the report's truth. Shortly after Plaintiffs published their articles, X filed suit in three countries, all arising from the same conduct: the articles Media Matters published based on its use of X's platform in accordance with X's Terms of Service and its truthful reporting on the results. *Id.* at 9–15.

Plaintiffs filed suit in this Court on March 10, 2025, asserting that X's lawsuits in distant forums breached X's own Terms of Service. ECF 1. X's Terms of Service contain a broad forum-selection clause requiring X to litigate all claims related to X's services in this Court: "All disputes related to these Terms or the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States." ECF 1 at 29. As described in detail in the Complaint, X's claims in its three lawsuits all relate to the Terms of Service and fall within the broad language of the forum selection clause. *See generally* ECF 1.

PLAINTIFFS' EX PARTE APPLICATION FOR TRO, CASE NO. 3:25-cv-02397-VC

2

Plaintiffs asserted breach of contract claims against all X entities in this Court because X breached the Terms of Service by filing suit in Ireland, Singapore, and the Northern District of Texas. Plaintiffs also sought a declaration that the forum selection clause in the Terms of Service governs the international cases X filed against Plaintiffs. *Id.* at 36–39. On March 11, 2025, Plaintiffs filed a Motion for Preliminary Injunction further enjoining prosecution of X's international litigation in Ireland and Singapore. ECF 16. But Plaintiffs expressly noted in both the Complaint and their Motion that they were not seeking injunctive relief regarding X Corp's prosecution of its pending Texas litigation because Plaintiffs respected the Texas court's jurisdiction by seeking to enforce the forum-selection clause through a motion to transfer venue in that court pursuant to 28 U.S.C. §1404 and 1406. ECF 1 at 6 n.7; ECF 16 at 1 n.3.

## LEGAL STANDARD

Plaintiffs' Motion for Preliminary Injunction sets forth the standard for an anti-suit injunction. ECF 16. To obtain a temporary restraining order, a party ordinarily must demonstrate a likelihood of success on the merits, harm in the absence of preliminary relief, the balance of equities, and that the injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The Ninth Circuit applies a "sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). The purpose of interim injunctive relief is "not to conclusively determine the rights of the parties," but instead to "balance the equities as litigation moves forward." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017). Crafting an injunction is an "exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents." *Id.* (citing *Winter*, 555 U.S. at 20, 24). Courts must "also 'consider the overall public interest.'" *Id.* (alterations and citations omitted). These factors are directed to the temporary nature of the relief in a temporary restraining order.

**ARGUMENT**

All of the *Winter* factors support immediate relief for Plaintiffs. This motion raises serious questions going to the merits of Plaintiffs' case, the balance of hardships tips sharply in Plaintiffs' favor, and the equities weigh strongly in favor of granting relief.

Plaintiffs have demonstrated a likelihood of success on the merits. As discussed in detail in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for a Preliminary Injunction, all of X's domestic and international claims fall within the broad scope of X's forum-selection clause requiring X to litigate its claims in this Court. *See generally*, ECF 16. The Ninth Circuit has held that an anti-suit injunction is appropriate in the face of a valid forum-selection clause. *E.& J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984 (9th Cir. 2006). And the factors courts in this circuit consider when issuing an anti-suit injunction against foreign litigation all weigh in favor or relief for Media Matters. *See generally,* ECF 16. At a minimum, Plaintiffs' argument raises serious questions about the merits of X's ability to maintain violate its own forum-selection clause by maintaining three separate suits in three distant forums. *See Alliance for the Wild Rockies*, 632 F.3d at 1138–39.

Plaintiffs will suffer harm in the absence of immediate relief. X seeks to enjoin Plaintiffs from participating in the lawsuit they filed before this Court and from maintaining their pending Motion for Preliminary Injunction. Plaintiffs will suffer harm if they cannot further prosecute the claims that they properly filed.

The balance of hardships between the parties tips sharply in favor of Plaintiffs. The only relief Plaintiffs seek is to preserve the status quo so that this Court can resolve the Motion for Preliminary Injunction, and do so with full participation of all parties. The balance of hardships also favors resolving Plaintiffs' claims regarding the international lawsuits in this Court because X chose to file suits in three separate jurisdictions, so X cannot now ask the Texas court to exercise jurisdiction and decide Plaintiffs' claims related to the international lawsuits. X flouted its own forum-selection clause to exploit its financial advantage and make litigation more expensive and oppressive to Media Matters by launching an international litigation campaign designed to threaten Media Matters very existence—even if Media Matters prevails on all claims.

PLAINTIFFS' EX PARTE APPLICATION FOR TRO, CASE NO. 3:25-cv-02397-VC

4

All public interest factors weigh in favor of Plaintiffs. Both the public and the Court have an interest in making sure that a party filing a preliminary injunction motion through proper procedure may be heard on its own motion. If X really believes this suit is improper, the forum to raise its complaints is here. Moreover, Plaintiffs' suit in this Court seeks to vindicate a forum-selection clause. The United States has a strong policy favoring enforcement of forum selection clauses. *See Applied Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 918–19 (9th Cir. 2009) (reaffirming the "strong policy favoring robust forum selection clauses" and stating, "Anti-suit injunctions may be the only viable way to effectuate valid forum selection clauses"); *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006) ("Without an anti-suit injunction in this case, the forum selection clause effectively becomes a nullity.").

Rule 65(c) invests the district court with discretion as to the amount of security required, if any, in conjunction with a temporary restraining order or preliminary injunction. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation omitted). Because Plaintiffs seek to only to preserve their ability to have this Court resolve their pending claims and Motion for Preliminary Injunction, the Court should decline to require any bond.

Plaintiffs are mindful of this Court's Standing Order requiring that parties seeking emergency relief notify the opposing party's counsel at the earliest possible time. In light of Plaintiffs' concerns that notifying counsel for X in the Texas Litigation of Plaintiffs' intention to seek this relief would trigger the very action Plaintiffs seek to immediately enjoin, Plaintiffs are providing notice to X's counsel in the Texas Litigation upon notice of filing.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court grant their Motion for a temporary restraining order preventing X from seeking an anti-suit injunction prohibiting Plaintiffs from moving forward with their claims before this Court.

Dated: March 17, 2025

**SUSMAN GODFREY L.L.P.**

By: */s/ Justin A. Nelson*

JUSTIN A. NELSON (TX SBN 24034766)*
MATT BEHNCKE (TX SBN 24069355)*

PLAINTIFFS' EX PARTE APPLICATION FOR TRO, CASE NO. 3:25-cv-02397-VC

5

SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com
mbehncke@susmangodfrey.com

KATHERINE M. PEASLEE (CA SBN 310298)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
kpeaslee@susmangodfrey.com

AMANDA BONN (CA SBN 270891)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
abonn@susmangodfrey.com

AMER S. AHMED (NY SBN 4382040)**
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com

*pro hac vice
**pro hac vice forthcoming

Attorneys for Plaintiffs Media Matters for
America, Angelo Carusone, and Eric Hananoki

PLAINTIFFS' EX PARTE APPLICATION FOR TRO, CASE NO. 3:25-cv-02397-VC

6

**CERTIFICATE OF SERVICE**

I, Katherine M. Peaslee, pursuant to 28 U.S.C. § 1746, declare as follows:

On March 17, 2025, immediately upon filing, Plaintiffs are serving the foregoing Plaintiffs' Motion for a Preliminary Injunction, along with the attached declaration, exhibit, and proposed order, on the following counsel of record for X Corp. in *X Corp. v. Media Matters et al.*, 4:23-cv-01175-O (N.D. Tex.) via email:

John Clay Sullivan
S|L Law PLLC
Email: john.sullivan@the-sl-lawfirm.com

Alexander Mark Dvorscak
Stone Hilton PLLC
Email: alex@stonehilton.com

Ari Cuenin
Stone Hilton PLLC
Email: ari@stonehilton.com

Christopher D Hilton
Stone Hilton PLLC
Email: chris@stonehilton.com

Cody C Coll
Stone Hilton PLLC
Email: cody@stonehilton.com

Elizabeth Joan Brown Fore
Stone Hilton PLLC
Email: elizabeth@stonehilton.com

Judd E Stone , II
Stone Hilton, PLLC
Email: judd@stonehilton.com

Michael Abrams
Stone Hilton PLLC
Email: michael@stonehilton.com

Executed on this 17th day of March 2025, in Seattle, Washington.

PLAINTIFFS' EX PARTE APPLICATION FOR TRO, CASE NO. 3:25-cv-02397-VC

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/Katherine M. Peaslee
Katherine M. Peaslee (CA SBN 310298)

PLAINTIFFS' EX PARTE APPLICATION FOR TRO, CASE NO. 3:25-cv-02397-VC

8