**BENBROOK LAW GROUP, PC**
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

**STONE HILTON PLLC**
Judd E. Stone II *
Christopher D. Hilton *
Ari Cuenin *
Michael R. Abrams *
Elizabeth Brown Fore *
Alexander M. Dvorscak *
600 Congress Ave.
Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alex@stonehilton.com
* *Pro hac vice* forthcoming

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ANGELO CARUSONE, and ERIC HANANOKI,<br><br>*Plaintiffs*,<br><br>v.<br><br>X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.,<br><br>*Defendants*. | Case No.: 3:25-cv-02397-VC<br><br>**DECLARATION OF AUDREY BYRNE IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

1. My name is Audrey Byrne, and I am a Partner in the firm of McCann FitzGerald LLP, solicitors for Twitter International Unlimited Company ("**TIUC**") in the ongoing Irish High Court litigation against Media Matters for America ("**Media Matters**") (*Twitter International Unlimited Company V. Media Matters for America*, Record no. *2023/5956P*) (the "**Irish Proceedings**"). I am competent to testify to the matters stated herein and make this declaration based upon my personal knowledge.

## Background to the Irish Proceedings

2. TIUC is an Irish unlimited private company with a registered address at 1 Cumberland Place, Fenian Street, Dublin 2, Ireland. It is a subsidiary of X Corp., a corporation registered in Nevada, United States and headquartered in Bastrop, Texas, United States, which owns and operates the "X" platform in the United States. TIUC operates the X platform in the European Union, the United Kingdom and the European Free Trade Association ("**EFTA**") states.

3. On 4 December 2023, on behalf of TIUC, McCann Fitzgerald LLP applied to the High Court of Ireland for liberty to issue and serve on Media Matters a Notice of Plenary Summons (in an application bearing High Court Record No. 2023/217IA). That application was acceded to by Mr Justice Ferriter, and an Order granting the relief sought was perfected on 5 December 2023.

4. The Irish Proceedings were issued on 6 December 2023. A copy of the Plenary Summons dated 6 December 2023, Notice of the Plenary Summons dated 7 December 2023, aforementioned Order of Mr Justice Ferriter, and Grounding Affirmation of Mohit Bhargava affirmed 4 December 2023 and accompanying exhibits were first served on Media Matters on 12 December 2023.

5. On 18 January 2024, Arthur Cox LLP, on behalf of Media Matters in the Irish Proceedings, entered a Conditional Appearance on behalf of the Defendant for the purpose of contesting the forum and jurisdiction of the Irish Courts to hear the proceedings.

6. On 12 March 2024, TIUC delivered its Statement of Claim in the Irish Proceedings. This is a pleading document which, as I understand it, is similar to a US Complaint, and sets out the nature, extent and grounds of a plaintiff's claim against a defendant, including the basis of the plaintiff's claim and factual circumstances surrounding it, the damage suffered and the reliefs being sought from the Irish High Court. In this instance, the Statement of Claim sets out that Media Matters published a false, defamatory and misleading article on its website on or about 16 November 2023, (the "**Impugned Article**"), the details of the defamatory meanings and implication of the Impugned Article, and the damage caused to TIUC, amongst other matters as set out in the document. The Statement of Claim further sets out TIUC's claim for malicious falsehood arising from the publication of the Impugned Article, which TIUC asserts is a false statement, published maliciously and which refers to TIUC, its property or office, profession, calling, trade or business, within the meaning of section 42 of the Defamation Act 2009. TIUC is seeking the following reliefs:

    i.    *"Damages for defamation*

    ii.    *Damages for malicious falsehood.*

    iii.    *A Correction Order pursuant to section 30 of the Defamation Act 2009.*

    iv.    *Aggravated and/or exemplary and/or punitive damages.*

    v.    *Such further or other Order as this Honourable Court shall deem fit.*

    vi.    *The costs of these proceedings."*

7. By letter of 24 April 2024, McCann FitzGerald delivered the Affirmation of Verification of Mohit Bhargava and called upon Media Matters to confirm whether it intended to bring an application to challenge the jurisdiction of the Courts of Ireland to hear the dispute.

8. On 8 May 2024, Arthur Cox LLP confirmed Media Matters' intention to bring an application challenging the jurisdiction of the Irish Courts to hear and determine the proceedings. On 10 May 2024, McCann FitzGerald LLP again called on Arthur Cox LLP to promptly issue the jurisdiction and forum challenge or alternatively deliver a Defence within 28 days, failing which the Plaintiff would issue a motion for judgment in default of Defence.

9. On 7 June 2024, Arthur Cox LLP wrote to McCann FitzGerald LLP stating that papers grounding Media Matters' application contesting the jurisdiction of the Irish Courts to hear and determine the within proceedings were in the process of being finalised.

10. On 17 June 2024, Media Matters issued an application by way of Notice of Motion returnable to 21 October 2024, grounded on the affidavit of Ms Cynthia Padera sworn on 13 June 2024 and affidavit of their expert witness Lee Levine sworn on 14 June 2024. The application brought by Media Matters (the **"Jurisdiction Challenge"**) seeks the following reliefs:

    *"1.    An Order pursuant to Order 12, rule 26 of the Rules of the Superior Courts setting aside the service upon the Defendant of the Notice of Plenary Summons and discharging the Order of this Honourable Court dated 4 December 2023 authorising such service.*

    *2.    In the alternative, an Order pursuant to the inherent jurisdiction of this Honourable Court dismissing or staying the proceedings, in whole or in part, as against the Defendant on the grounds of forum non conveniens.*

    *3.    Such further or other Order as this Honourable Court shall deem fit.*

    *4.    Costs."*

11. It should be noted that the Irish High Court has inherent jurisdiction to consider and if necessary to stay proceedings on the grounds of *forum non conveniens*. Irish courts are

well accustomed to hearing and determining forum and jurisdictional challenges to Irish proceedings by foreign defendants.

### Progress of the Jurisdiction Challenge

12. On 18 October 2024, McCann FitzGerald LLP and Media Matters' solicitors, Arthur Cox LLP, agreed a timetable to facilitate TIUC filing a replying affidavit and the obtaining of an expert report from the USA, as follows:

    *"1.  The Plaintiff to deliver a relying affidavit(s) within 8 weeks, by 16 December 2024;*

    *2.  The Defendant to deliver any replying affidavit(s) within 7 weeks, by 5 February 2025 (on the basis that Monday, 3 February 2025 is a bank holiday); and*

    *3.  The Defendant's motion is listed for mention on 10 February 2025 to fix a hearing date (to include any directions for the exchange of submissions in advance)."*

13. On 4 December 2024, the Court Services wrote to both parties to inform them that the matter would be listed next before the Court on 12 February 2025, as opposed to 11 February 2025.

14. By way of letter dated 16 December 2024, McCann FitzGerald LLP served Media Matters' solicitors, Arthur Cox LLP, with TIUC's filed replying affidavits in accordance with the agreed timetable.

15. On 24 January 2025, Arthur Cox LLP wrote to McCann FitzGerald LLP noting the deadline of 5 February 2025 for the delivery of their client's affidavits and stated that their client *"is working towards this deadline"* but that they *"anticipate that some additional time may be required in order to finalise and deliver both a factual affidavit and a rebuttal expert report (the originals of which will be coming from the US)."* They therefore requested an extension of the deadline for the delivery of Media Matters replying affidavits to 28 February 2025. This letter further proposed that the parties apply on consent to adjourn the matter by one month, from 12 February 2025 to 12 March 2025, for the purpose of fixing a hearing date of the Jurisdiction Challenge at that stage.

16. On 31 January 2025, McCann FitzGerald LLP responded agreeing to the extension sought of 3.5 weeks, on condition that Media Matters confirmed it would not object to TIUC's application on the agreed adjourned date of 12 March 2025 for liberty to deliver further replying affidavit(s), if necessary, and a reasonable timeframe in which to do so. It was flagged in this letter that TIUC would not be in a position to assess whether

Docusign Envelope ID: EBAF7ABC-3A34-4194-B682-913CF1538BBA

further affidavits would be necessary until it received Media Matters' affidavits. The McCann FitzGerald LLP letter further stated as follows:

> *"Our client remains eager to obtain a hearing date for the determination of your client's jurisdiction motion in these Proceedings but, for the reasons outlined above, the matter may not be ready to fix a date for hearing on 12 March 2025."*

17. On 5 February 2025, Arthur Cox LLP wrote to McCann FitzGerald LLP agreeing to the proposals in the letter dated 31 January 2025 on the condition that; (i) they are provided with an update in advance of 12 March 2025 as to whether any further replying affidavit(s) will be necessary and, if so, the time period required; and (ii) TIUC seek no more than 4 weeks for the delivery of same on 12 March 2025.

18. On 6 February 2025, McCann FitzGerald LLP responded stating that TIUC was not agreeable to committing to delivering any such affidavit evidence within four weeks of 12 March 2025, noting again, that it was not possible to give such a commitment without knowledge of the nature, length or scope of the affidavit(s) and further expert report to be delivered by Media Matters. This letter further set out that Media Matters will have had nearly 11 weeks by 28 February 2025 (i.e. since 16 December 2024) to deliver its affidavits. Furthermore, McCann FitzGerald LLP expressed that,

> *"our client is anxious to progress the Proceedings and have your client's application heard as soon as reasonably possible, subject to its entitlement to respond comprehensively to the evidence adduced by your client."*

19. Arthur Cox LLP wrote to McCann FitzGerald LLP on 10 February 2025 noting TIUC's position. In this letter, Arthur Cox LLP brought to McCann FitzGerald LLP's attention that a rebuttal expert report would be delivered in *"the coming days"* by Lee Levine in the context of the related proceedings in Singapore.

20. On 12 February 2025, the Jurisdiction Challenge was subsequently adjourned on consent to 12 March 2025.

21. On 26 February 2025, Arthur Cox LLP wrote to McCann FitzGerald LLP requesting a further extension of time to 10 March 2025 and indicating that their client was *"working towards meeting this deadline and the affidavits are currently in the process of being finalised, it is taking longer than originally expected."* It was noted in this letter that an equivalent extension would be afforded to TIUC for any further affidavit evidence as may be required.

22. By letter dated 3 March 2025, McCann FitzGerald LLP responded to Arthur Cox LLP and confirmed TIUC was prepared to agree to the further extension sought by Media Matters, to 10 March 2025.

23. On Monday, 10 March 2025, at 5.10 pm, Arthur Cox LLP served unfiled versions of the Second Affidavit of Cynthia Padera sworn earlier that day on 10 March 2025 and the Second Affidavit of Lee Levine sworn on 7 March 2025 (and filed copies were delivered to TIUC on 12 March 2025)**.**

24. On review of the Media Matters' affidavits and exhibits, it was apparent that on the same day, 10 March 2025, Media Matters (along with Angelo Carusone and Eric Hananoki) commenced proceedings in the Northern District of California, bearing Case

no. 3:25-cv-02397 and the title *"Media Matters for America, Angelo Carusone and Eric Hananoki v. X Corp., Twitter International Unlimited Co., and Twitter Asia Pacific Pte. Ltd."* (the "**California Proceedings**"). I understand that these proceedings seek, *inter alia*, an injunction enjoining TIUC from further prosecuting the Irish Proceedings against Media Matters, notwithstanding that the next step in the Irish Proceedings is Media Matter's forum/jurisdictional challenge.

25. On 12 March 2025, Ms Justice Gearty adjourned the Jurisdiction Challenge to 2 April 2025, to allow TIUC time to consider the impact of the California proceedings filed by Media Matters two days prior.

26. By letter of 13 March 2025, McCann FitzGerald LLP wrote to Arthur Cox LLP expressing dissatisfaction with Media Matters' delay and noting that the original deadline for delivery of Media Matters' affidavits was 5 February 2025, which TIUC had in good faith agreed to extend, on the understanding that Media Matters' was "*working towards meeting this deadline, and the affidavits are currently in the process of being finalised, it is taking longer than originally anticipated*", as set out in Arthur Cox LLP's letter of 26 February 2025. McCann FitzGerald noted that the revised deadline of 10 March 2025 was only 2 days prior to the return date before the Court of 12 March 2025, which afforded TIUC significantly less time to consider the contents of Media Matters' affidavits but that further, it was apparent that Media Matters' delay was in part "*strategic*", to enable Media Matters to refer to and rely on the new US proceedings, namely (i) the transfer request from the US District Court, Northern District of Texas to the Northern District of California Court, filed on 6 March 2025 (*see* ECF No. 153) and (ii) the California Proceedings, both of which were exhibited in the Irish Proceedings (at Exhibits CP2 and CP3 to the Second Affidavit of Cynthia Padera sworn 10 March 2025). McCann FitzGerald LLP further noted that:

    "*Our client was not aware of this context when agreeing to the further extension and reserves its position to bring this to the attention of the Court.*"

27. It seems clear that on 26 February 2025, when Arthur Cox LLPs' letter seeking an extension of time was sent, that Media Matters had already formed the intention to commence the California Proceedings and likely had taken significant preparatory steps towards doing so.

28. As noted above, on 12 March 2025, the Irish Proceedings were adjourned on consent to 2 April 2025 for mention only, and as matters stand, no hearing date has been set.

    **Reference to the X Terms of Service**

29. The Affirmation of Mohit Bhargava of 4 December 2023 grounding TIUC's application to serve the Irish Proceedings out of the jurisdiction exhibited a copy of the X Terms of Service and the Master Services Agreement at "Exhibit MB1".

30. It should be noted that the X Terms of Service document contains two parts which comprise (i) the terms of service between users who live in the US and X Corp (the "**US Terms**") and (ii) separate terms of service between users who live in the European Union, United Kingdom or EFTA states and TIUC (the "**EU Terms**").

31. The Affidavit of Cynthia Padera sworn on 13 June 2024 in support of Media Matters' Jurisdiction Challenge referred to the X Terms of Service in a very limited way (as

  described further below), and Ms Padera did not refer to any argument reliant on the "forum selection clause" in favour of the California Courts, which clause is solely contained within the US Terms.

32.   TIUC responded to Ms Padera's averments of 13 June 2024 in the Replying Affirmation of Janusz Baszynski affirmed on 16 December 2024. Mr Bazsynki referred to and exhibited the X Terms of Service at "Exhibit JB2" and at paragraph 18 of his replying affirmation, submitted that Ms Padera's grounding affidavit is based on a "*fundamentally incorrect factual premise: that X Corp. (being TIUC's US-domiciled parent company) is the exclusive operator of the X platform*" (at paragraphs 4 and 9 of her grounding affidavit) and at paragraph 19 Mr Bazsynski further clarified that:

> *19. The true position is that X Corp. operates the X platform in the United States, and that Twitter International operates the X platform in the European Union, the United Kingdom, and European Free Trade Association (EFTA) states.*

33.   Further, at paragraph 21 of the Replying Affirmation of Mr Baszynski, he specifically drew attention to the part of the EU Terms which refers to TIUC (extract below):

> "*If you live in the European Union, EFTA States, or the United Kingdom*
>
> *These Terms of Service ("Terms") govern your access to and use of the services….*
>
> *These Terms are an agreement between you and* <u>Twitter International Unlimited Company (Co. number 503351, VAT number IE9803175Q), an Irish company, which provides</u> X <u>and the Services,…</u>"

34.   Until Media Matters' reliance on the forum selection clause in the California Proceedings, which Media Matters has in turn relied upon in its most recent affidavit evidence in the Jurisdiction Challenge, Media Matters had at no point in the Irish Proceedings made reference to the forum selection clause in the US Terms. Nor had Media Matters indicated its view, as I understand, that this clause applies to the nature of dispute in the Irish Proceedings, and that it operates to bind TIUC. It is TIUC's position that as a matter of Irish law, TIUC is not bound by the US Terms' forum selection clause, noting that TIUC is not a party to the US Terms. In any event, the US Terms are of no relevance to TIUC's pleaded claims in the Irish Proceedings, which are grounded in tort, for defamation and malicious falsehood, under Irish law.

35.   The EU Terms which applied to certain disputes between TIUC and users living or domiciled in the European Union, EFTA States, or the United Kingdom at the time TIUC commenced the Irish Proceedings did not contain any forum selection clause. The currently operative EU Terms, effective November 15, 2024, do contain a forum selection clause, which states the following:

> "*To the extent permitted by law, all disputes related to these Terms or the Services, including without limitation disputes related to or arising from other users' and third parties' use of the Services and any Content made available by other users and third parties on the Services, will be brought exclusively before a competent court in Ireland without regard to conflict of law provisions and will be governed by Irish law, notwithstanding any other agreement between*

*you and us to the contrary. Without prejudice to the foregoing, you agree that, in its sole discretion, X may bring any claim, cause of action, or dispute we have against you in any competent court in the country in which you reside that has jurisdiction and venue over the claim."*

I declare under penalty of that the foregoing is true and corrected. Executed this 25th day of March 2025, in the County of Dublin, Ireland.

Signed by:

*[signature]*
AA35B1D650CB4E1...

Audrey Byrne