**BENBROOK LAW GROUP, PC**
Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

**STONE HILTON PLLC**
Judd E. Stone II *
Christopher D. Hilton *
Ari Cuenin *
Michael R. Abrams *
Elizabeth Brown Fore
Alexander M. Dvorscak *
Cody C. Coll*
600 Congress Ave.
Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com
* Admitted *pro hac vice*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ANGELO CARUSONE, and ERIC HANANOKI,<br><br>        *Plaintiffs*,<br><br>v.<br><br>X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.,<br><br>        *Defendants*. | Case No.: 3:25-cv-02397-VC<br><br>**DEFENDANTS X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.'s NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER UNDER 28 U.S.C. §§ 1404, 1406, OR DISMISS FOR *FORUM NON CONVENIENS*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

# TABLE OF CONTENTS

Table of Contents .................................................................................................. i

Table of Authorities ............................................................................................. ii

Notice of Motion and Motion ............................................................................. 1

Introduction ......................................................................................................... 1

Statement of the Issues to be Decided ................................................................ 2

Background and Allegations ............................................................................... 2

I.    Defendants Sue Plaintiffs in Texas, Singapore, and Ireland for Defaming X's Platform. . 2

II.   Months Later, Plaintiffs Sue Defendants in California for Prosecuting Those Claims. ..... 3

III.  X Corp.'s Current Terms Require a Texas Forum ........................................ 3

Argument ............................................................................................................. 4

I.    This Court Lacks Subject-Matter Jurisdiction. ............................................ 4

  A.   Liability for Plaintiffs' contract claims is capped at $100. ...................... 4

  B.   Fees are not available for breach of contract or an amount in controversy. ................. 5

  C.   Plaintiffs seek declaratory and injunctive relief below the jurisdictional amount. ........ 6

II.   Plaintiffs Carusone and Media Matters Lack Standing. .............................. 6

III.  Dismissal Is Required for Lack of Personal Jurisdiction over Foreign Defendants. .......... 7

  A.   The "closely related" doctrine gives no personal jurisdiction over TIUC or TAP. ....... 7

  B.   Foreign Defendants are not third-party beneficiaries of the TOS .............................. 9

  C.   Foreign Defendants are not X Corp.'s alter egos ..................................... 10

  D.   Plaintiffs fail to state a claim for similar reasons .................................... 11

IV.   This Suit Does Not Belong in This Forum and Must Be Transferred or, as to Foreign Defendants, Dismissed on *Forum Non Conveniens* Grounds ........................................... 12

  A.   Plaintiffs' deficient venue allegations warrant transfer under section 1406. .............. 12

  B.   Alternatively, Section 1404 merits transfer to the Northern District of Texas. .......... 13

  C.   At a minimum, *forum non conveniens* dismissal is warranted for TIUC and TAP. .... 14

Conclusion ......................................................................................................... 15

Certificate of Service ......................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*A&B Beverage Co., LLC v. Coca-Cola Co.*,
   No. CV-15-3548-MWF (AGR), 2016 WL 11966888 (C.D. Cal. Jan. 7, 2016) ........................ 9

*Aguilar v. Amazon.com, Inc.*,
   677 F. Supp. 3d 1075 (N.D. Cal. 2023) ...................................................................... 5

*Atl. Marine Const. Co. v. U.S. Dist. Ct.*,
   571 U.S. 49 (2013).............................................................................................. 12, 13

*Bass v. Facebook, Inc.*,
   394 F. Supp. 3d 1024 (N.D. Cal. 2019) ...................................................................... 5

*Binns v. Am. Gen. Life & Accident Ins. Co.*,
   No. 21-16854, 2023 WL 5125042 (9th Cir. Aug. 10, 2023) ...................................... 4

*Boles v. Merscorp, Inc.*,
   No. CV 08-1989 PSG, 2009 WL 734135 (C.D. Cal. Mar. 18, 2009)........................ 5

*Bosman v. United States*,
   No. 12-CV-1320 YGR, 2012 WL 1747972 (N.D. Cal. May 15, 2012) ................... 12

*Brady v. Mercedes-Benz USA, Inc.*,
   243 F. Supp. 2d 1004 (N.D. Cal. 2002) ...................................................................... 5

*Clark v. VIP Petcare, LLC*,
   No. 22-CV-08935-AMO, 2023 WL 8459928 (N.D. Cal. Dec. 6, 2023) ................... 14

*Conroy v. Fresh Del Monte Produce, Inc.*,
   325 F. Supp. 2d 1049 (N.D. Cal. 2004)...................................................................... 12

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) ...................................................................... 11

*Crypto Asset Fund, LLC v. OPSkins Grp.*,
   478 F. Supp. 3d 919 (C.D. Cal. 2020) ........................................................................ 5

*Cummings v. Cenergy Int'l Servs., LLC*,
   258 F. Supp. 3d 1097 (E.D. Cal. 2017) ...................................................................... 6

*D'Lux Movers & Storage v. Fulton*,
   No. 2-06-019-CV, 2007 WL 1299400 (Tex. App.—Fort Worth May 3, 2007, pet. denied) ..... 5

*Davis v. Kia Motors Am., Inc.*,
   408 F. App'x 731 (4th Cir. 2011) ............................................................................... 4

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) .............................................................................. 10, 11

*Dole Food Co., Inc. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) .................................................................................. 14

*Dutrisac v. STMicroelectronics, Inc.*,
   No. 23-CV-06639-BLF, 2024 WL 3646949 (N.D. Cal. Aug. 2, 2024).................................. 10

*EEOC v. Waffle House, Inc.*,
   534 U.S. 279 (2002) ............................................................................................................ 11

*Firexo, Inc. v. Firexo Grp. Ltd.*,
   99 F.4th 304 (6th Cir. 2024) ................................................................................................. 8

*Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*,
   147 Cal. Rptr. 3d 634 (Cal. App. 2012) ................................................................................ 4

*FTC-Forward Threat Control, LLC v. Dominion Harbor Enters., LLC*,
   No. 5:19-CV-065890-EJD, 2020 WL 5545156 (N.D. Cal. Sept. 16, 2020) ............................ 8

*Gantman v. United Pac. Ins. Co.*,
   284 Cal. Rptr. 188 (Cal. App. 1991) ...................................................................................... 6

*Gemini Cap. Grp., Inc. v. Yap Fishing Corp.*,
   150 F.3d 1088 (9th Cir. 1998) ............................................................................................. 15

*Gillespie v. Prestige Royal Liquors Corp*,
   183 F. Supp. 3d 996 (N.D. Cal. 2016) ................................................................................. 12

*Golden State Orthopaedics, Inc. v. Howmedica Osteonics Corp.*,
   No. C 14-3073 PJH, 2014 WL 12691050  (N.D. Cal. Oct. 31, 2014) ...................................... 7

*Gray v. Don Miller & Assocs.*,
   35 Cal. 3d 498 (1984) ........................................................................................................... 5

*Head v. U.S. Inspect DFW, Inc.*,
   159 S.W.3d 731 (Tex. App.—Fort Worth 2005, no pet.) ....................................................... 4

*Helfand v. Gerson*,
   105 F.3d 530 (9th Cir.1997) .................................................................................................. 9

*Hunt v. Wash. State Apple Advert. Comm'n*,
   432 U.S. 333 (1977) .............................................................................................................. 6

*In re Castro*,
   No. 14-42018 RLE, 2016 WL 5879596 (Bankr. N.D. Cal. Oct. 7, 2016) .............................. 10

*Karo v. San Diego Symphony Orchestra Ass'n*,
   762 F.2d 819 (9th Cir. 1985) ................................................................................................ 9

*Lawler v. Tarallo*,
   No. C 13-03284 MEJ, 2013 WL 5755685 (N.D. Cal. Oct. 23, 2013) ................................... 13

*Lax v. Toyota Motor Corp.*,
   65 F. Supp. 3d 772 (N.D. Cal. 2014) ................................................................................... 13

*Lightbeam Health Sols. Inc. v. Tidewater Physicians Multispeciality Grp. PC*,
   No. 3:17-CV-0395-M, 2017 WL 3382458  (N.D. Tex. Aug. 7, 2017) .................................... 14

*Lopez v. Candaele*,
   630 F.3d 775 (9th Cir. 2010) ................................................................................................ 6

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.*,
    583 F.3d 656 (9th Cir. 2009) ................................................................................. 14

*Lueck v. Sundstrand Corp.*,
    236 F.3d 1137 (9th Cir. 2001) ............................................................................... 15

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................. 6

*MacGregor v. Rutberg*,
    478 F.3d 790 (7th Cir. 2007) ................................................................................... 9

*Manetti-Farrow Inc. v. Gucci Am., Inc.*,
    858 F.2d 509 (9th Cir. 1998) ................................................................................... 8

*MBM Fin. Corp. v. Woodlands Operating Co.*,
    292 S.W.3d 660 (Tex. 2009) .................................................................................... 5

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136 (9th Cir. 2017) ................................................................................. 7

*Murphy v. Twitter, Inc.*,
    274 Cal. Rptr. 3d 360 (Cal. App. 2021) .................................................................. 5

*Neilson v. Union Bank of Ca., N.A*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................................................ 10

*Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*,
    802 F.2d 362 (9th Cir. 1986) ................................................................................... 4

*Pestmaster Franchise Network, Inc. v. Mata*,
    No. 16-CV-07268-EMC, 2017 WL 1956927 (N.D. Cal. May 11, 2017) ................. 9

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ............................................................................... 10

*Ravelo Monegro v. Rosa*,
    211 F.3d 509 (9th Cir. 2000) ................................................................................. 13

*Rice Aircraft Servs., Inc. v. Soars*,
    No. 2:14-CV-2878 MCE DB, 2018 WL 3203133 (E.D. Cal. June 29, 2018),
    *report & recommendation adopted*, 2018 WL 4488558 (E.D. Cal. Sept. 19, 2018) ............... 11

*S.M.R. Innovations LTD v. Apple Inc.*,
    No. 6-23-CV-00479, --- F. Supp. 3d ----, 2024 WL 5410405 (W.D. Tex. Nov. 14, 2024) ...... 13

*Sandoval v. Ali*,
    34 F. Supp. 3d 1031 (N.D. Cal. 2014) ................................................................... 11

*Schauer v. Mandarin Gems of Cal., Inc.*,
    23 Cal. Rptr. 3d 233 (Cal. App. 2005) .................................................................... 7

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................................................... 7

*Siragusa v. Arnold*,
    No. 3:12-CV-04497-M, 2013 WL 5462286 (N.D. Tex. Sept. 16, 2013) ............... 14

*Slater v. O'Brien's Moving & Storage, Inc.*,
  931 F.2d 61 (9th Cir. 1991) .......................................................................... 4

*Societe D'equipments Internationaux Nigeria, Ltd v. Dolarian Capital, Inc.*,
  No. 1:15-CV-01553-GEB-SKO, 2016 WL 128464 (E.D. Cal. Jan. 12, 2016) ......... 6

*Solnes v. Wallis & Wallis, P.A.*,
  No. 13-61225-CIV, 2013 WL 3771341 (S.D. Fla. July 18, 2013) ......................... 9

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ........................................................................ 11

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
  915 F.2d 1351 (9th Cir. 1990) ............................................................. 8, 9, 10

*Theodorakis v. DFINITY Stiftung*,
  No. 23-CV-02280-AMO, 2025 WL 822978 (N.D. Cal. Mar. 14, 2025)................ 10

*Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*,
  549 U.S. 443 (2007)..................................................................................... 5

*Truinject Corp. v. Nestle Skin Health, S.A.*,
  No. 19-592-LPS-JLH, 2019 WL 6828984 (D. Del. Dec. 13, 2019)...................... 8

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir.2006) ....................................................................... 15

*Tyler v. Travelers Com. Ins. Co.*,
  499 F. Supp. 3d 693 (N.D. Cal. 2020) ........................................................... 11

*United States v. Planned Parenthood Fed'n of Am.*,
  No. 2:21-CV-022-Z, 2022 WL 19006361 (N.D. Tex. Sep. 20, 2022)................... 14

*Valhal Corp. v. Sullivan Assocs., Inc.*,
  44 F.3d 195 (3d Cir. 1995) ............................................................................ 4

*Wescott v. Reisner*,
  No. 17-CV-06271-EMC, 2018 WL 2463614 (N.D. Cal. June 1, 2018)................. 8

*X Corp. v. Media Matters for Am.*,
  No. 4:23-cv-1175 (N.D. Tex) ......................................................................... 2

**Statutes**

28 U.S.C. § 1332............................................................................... 2, 4, 6

28 U.S.C. § 1391(b)................................................................................ 17

28 U.S.C. § 1391(b)(1)............................................................................ 17

28 U.S.C. § 1391(b)(2)............................................................................ 18

28 U.S.C. § 1391(b)(3)............................................................................ 18

28 U.S.C. § 1391(c)(3)............................................................................ 18

28 U.S.C. § 1404............................................................................... 1, 2

28 U.S.C. § 1404(a) ................................................................................................ 17, 19

28 U.S.C. § 1406 ................................................................................................ 1, 2, 17

28 U.S.C. § 1406(a) .................................................................................................... 19

Cal. Civ. Proc. Code § 1021 ......................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 1

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 15, 2025, at 10:00 AM in Courtroom 4–17th Floor of the U.S. District Court, Northern District of California, San Francisco Division, San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendants X Corp., Twitter International Unlimited Co. ("TIUC"), and Twitter Asia Pacific Pte. Ltd. ("TAP") will and hereby do move to dismiss Plaintiffs Media Matters for America, Angelo Carusone, and Eric Hananoki's Complaint ("Compl.") for lack of subject-matter jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6). TIUC and TAP ("Foreign Defendants") seek Rule 12(b)(2) dismissal for lack of personal jurisdiction. Alternatively, Defendants seek transfer under 28 U.S.C. §§ 1404 or 1406 to the Northern District of Texas, or dismissal on *forum non conveniens* grounds as to Foreign Defendants. The Motion is based on this Notice; the Memorandum of Points and Authorities; the papers, pleadings, and documents on file herein, including, without limit, the Complaint; documents incorporated by reference thereto or properly subject to judicial notice; and declarations and exhibits.

## INTRODUCTION

Plaintiffs yet again try to wrest jurisdiction of the parties' disputes from their proper fora. Defendants first sued Plaintiffs more than a year ago in the U.S. and abroad for defamation-related torts. Those cases have been proceeding apace, including extensive discovery, motion practice, and even a Fifth Circuit interlocutory appeal. In each proceeding—Texas, Singapore, and Ireland—Plaintiffs have challenged the forum. And the Northern District of Texas has already denied Plaintiffs' jurisdictional challenge after extensive submissions. Unsatisfied to let those courts decide the issues properly before them, Plaintiffs filed this contract action, belatedly moved to transfer in the Northern District of Texas, sought a TRO, and moved for a preliminary injunction—all in an effort to stymie other courts' prior and pending venue decisions.

Reflecting the last-ditch effort that it is, Plaintiffs' Complaint suffers from fatal defects. It runs headlong into 28 U.S.C. § 1332's amount in controversy requirement and claims non-

cognizable attorneys' fees, inadequately pleads standing for all but one Plaintiff, and sues two overseas X Corp. subsidiaries for which there is neither jurisdiction nor venue. Even if the Court had subject-matter jurisdiction over any of Plaintiffs' claims and personal jurisdiction over Foreign Defendants (it does not), the case should be transferred to the Northern District of Texas, as required by federal venue rules, the Terms of Service underlying Plaintiffs' contract claims, or dismissed on *forum non conveniens* grounds as to the Foreign Defendants.

## STATEMENT OF THE ISSUES TO BE DECIDED

**1.** Does 28 U.S.C. § 1332 require dismissal for want of subject-matter jurisdiction when the alleged damages are legally non-cognizable and concern a contract capping damages at $100?

**2.** Do the litigants who were not parties to the aforementioned contract lack standing?

**3.** Should the Court dismiss as to Foreign Defendants for want of personal jurisdiction or failure to state a claim when their places of incorporation, principal places of business, and activities are outside California, and they directed no activity towards California or its residents?

**4.** Is venue improperly pleaded or contrary to a forum-selection clause, requiring transfer to the Northern District of Texas, 28 U.S.C. §§ 1404, 1406, or is *forum non conveniens* dismissal merited for Foreign Defendants?

## BACKGROUND AND ALLEGATIONS

**I.    Defendants Sue Plaintiffs in Texas, Singapore, and Ireland for Defaming X's Platform.**

Texas-headquartered X Corp. owns the X platform; it also owns TIUC, an Irish company with an Ireland registered address, and TAP, a Singaporean company with a Singapore registered address. Compl. ¶ 21-23. Plaintiffs reside in New York, Washington, D.C., and Maryland. *Id.* ¶¶ 18-20.

On November 20, 2023, Defendant X Corp. sued MMFA and Hananoki (and later Carusone) in the Northern District of Texas, alleging interference with contract, business disparagement, and interference with economic advantage. *Id.* ¶ 58; *X Corp. v. Media Matters for Am.*, No. 4:23-cv-1175 (N.D. Tex). The basis was a November 16 article by Hananoki, published

by Carusone and Media Matters, stating that "X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content." Compl. ¶¶ 50, 60. X Corp.'s Amended Complaint alleges that Hananoki's article was false, resulting from manipulation of the X platform. *Id.* ¶¶ 62, 68. X alleged that Plaintiffs pushed the article to pressure advertisers into leaving the platform. *Id.* ¶ 61. TIUC and TAP filed suits against Plaintiff Media Matters in December 2023 and July 2024 respectively. *Id.* ¶¶ 72, 79. Foreign Defendants, which each contract with advertisers in their respective jurisdictions, asserted defamation claims based on the same article; the parties have litigated in their respective fora ever since. *See id.* ¶¶ 71, 77, 79, 85, 130, 138.

## II.    Months Later, Plaintiffs Sue Defendants in California for Prosecuting Those Claims.

In March 2025—almost a year and a half after Defendants began pursuing litigation—Plaintiffs filed this claim against X Corp., TIUC, and TAP, seeking damages, declaratory relief, and injunctive relief regarding Defendants' suing Plaintiffs in alleged breach of a forum-selection clause. *Id.* ¶¶ 123-38. Plaintiffs seek damages in the "millions of dollars" for "attorneys' fees and costs defending" against lawsuits, *id.* ¶¶ 130, 138; a declaration that the clause "governs the international cases filed by Defendants," *id.* ¶ 144; and "[i]njunctive relief enjoining Defendants from further prosecuting their pending actions," *id.* at Prayer for Relief.

## III.    X Corp.'s Current Terms Require a Texas Forum.

The forum-selection clause in a prior version of X's TOS ("Old TOS") required suit in San Francisco County, CA. *Id.* ¶ 94; ECF 1-1 at 11. The current TOS ("New TOS"), effective when Plaintiffs filed this suit, demands disputes be "brought exclusively in the U.S. District Court for the Northern District of Texas or state courts located in Tarrant County." ECF 40-1 (Dvorscak Decl.) ¶ 3; ECF 40-3 (Dvorscak Decl. Ex. 2, New TOS) at 10. Each Plaintiff accepted the New TOS before suing. ECF 40-10 (Scolari Decl.) ¶¶ 5-7.

## ARGUMENT

### I.    This Court Lacks Subject-Matter Jurisdiction.

#### A.    Liability for Plaintiffs' contract claims is capped at $100.

Subject-matter jurisdiction based on diversity of citizenship requires that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332. Jurisdiction fails when it is a "legal certainty" that a claim is for less than that amount, like "when the terms of a contract limit the plaintiff's possible recovery." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (citation omitted).

Here, the New and Old TOS limit damages to $100 under "any theory of liability." ECF 1-1 at 10-11; ECF 40-3 at 9-10. Because the TOS's "limitation of damages would make it virtually impossible" for Plaintiffs to meet the amount-in-controversy, this Court should dismiss. *Pachinger*, 802 F.2d at 364. Indeed, the Ninth Circuit took this approach when it found the amount in controversy insufficient when a consumer contract limited liability to $300. *See Slater v. O'Brien's Moving & Storage, Inc.*, 931 F.2d 61, *2 (9th Cir. 1991) (table decision); *accord Binns v. Am. Gen. Life & Accident Ins. Co.*, No. 21-16854, 2023 WL 5125042, at *1 (9th Cir. Aug. 10, 2023) (dismissal for lack of jurisdiction per $1,000 insurance-policy cap); *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 209 (3d Cir. 1995) (holding $50,000 cap limited recovery, precluding subject matter jurisdiction); *Davis v. Kia Motors Am., Inc.*, 408 F. App'x 731, 732 (4th Cir. 2011) (affirming dismissal because contract limited consequential damages precluding required amount in controversy). Such terms are presumed valid. *See* ECF 40-3 at 10; *Head v. U.S. Inspect DFW, Inc.*, 159 S.W.3d 731, 748 (Tex. App.—Fort Worth 2005, no pet.) ("[Absent] controlling public policy . . . contracting parties can limit . . . damages to a specified amount."); *Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*, 147 Cal. Rptr. 3d 634, 642 (Cal. App. 2012) ("[L]imitation of liability clauses are enforceable unless they are unconscionable[.]").

A passing footnote calling a $100 cap "unconscionable and unenforceable" changes nothing. Compl. ¶ 24 n.9. Courts have upheld similar caps. *E.g.*, *D'Lux Movers & Storage v. Fulton*, No. 2-06-019-CV, 2007 WL 1299400, at *2 (Tex. App.—Fort Worth May 3, 2007, pet.

denied); *accord Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1037-38 (N.D. Cal. 2019) (limitation of "aggregate liability" to $100 conscionable); *Murphy v. Twitter, Inc.*, 274 Cal. Rptr. 3d 360, 378-79 (Cal. App. 2021) (upholding limitation on liability per "legitimate commercial need"). Also, "equitable estoppel precludes" invoking a contract while attacking its enforcement. *Crypto Asset Fund, LLC v. OPSkins Grp.*, 478 F. Supp. 3d 919, 927 (C.D. Cal. 2020) (cleaned up).

## B.    Fees are not available for breach of contract or an amount in controversy.

Even without the liability cap, dismissal is required because Plaintiffs' alleged damages—attorneys' fees disguised as compensatory damages—are not recoverable for breach of contract or included in the amount in controversy. California and Texas follow the American Rule: prevailing parties generally cannot get fees unless available by statute or an "enforceable contract." *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). Fees are disregarded for purposes of the amount in controversy requirement because they "are not part of the 'controversy'" and thus "not part of the 'amount in controversy'" for section 1332. *Aguilar v. Amazon.com, Inc.*, 677 F. Supp. 3d 1075, 1078 (N.D. Cal. 2023) (quoting 28 U.S.C. § 1332); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). Plaintiffs allege no other harm here, and so cannot satisfy the amount in controversy requirement. Compl. ¶¶ 130, 138 ("hav[ing] been forced to expend millions of dollars in attorneys' fees and costs defending [X's suits]").

Relevant here, California law—which applies to the Old TOS that which Plaintiffs claim X breached, *see* ECF 1-1 at 11—precludes attorneys' fees as damages. Under California law, attorneys' fees are not recoverable for contract claims "unless a statute or the agreement of the parties provides otherwise." *Gray v. Don Miller & Assocs.*, 35 Cal. 3d 498, 504 (1984); (citing CAL. CIV. PROC. CODE § 1021). No statute or agreement provides otherwise. Plaintiffs' claimed attorneys' fees damages thus cannot be awarded. *See Boles v. Merscorp, Inc.*, No. CV 08-1989 PSG, 2009 WL 734135, at *4 (C.D. Cal. Mar. 18, 2009). So, too, under Texas law. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 (Tex. 2009) ("[S]uits cannot be

maintained solely for the attorney's fees; a client must gain something before attorney's fees can be awarded.").

### C.    Plaintiffs seek declaratory and injunctive relief below the jurisdictional amount.

Claims for declaratory and injunctive relief do not confer subject-matter jurisdiction either. Plaintiffs' request for attorneys' fees is the sole source of damages that Plaintiffs allege in this suit. Compl. ¶¶ 130, 138. The "amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here, the value is $0 because attorneys' fees are not cognizable damages, or at most $100 per the TOS's liability limitation. Further, the declaratory relief requested duplicates Count Two, regarding whether the forum-selection clause "governs the claims asserted in Defendants' Irish and Singapore litigation" such that Foreign Defendants were "required to file their respective lawsuits" in California. Compl. ¶¶ 135-37, 142-43. Plaintiffs cannot circumvent the amount-in-controversy requirement this way.

## II.    Plaintiffs Carusone and Media Matters Lack Standing.

Parties invoking federal jurisdiction bear the burden to prove standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010). "Generally, a plaintiff who is neither a party nor a beneficiary to a contract lacks standing to enforce or challenge the enforceability of its terms." *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1108 (E.D. Cal. 2017); *accord Societe D'equipments Internationaux Nigeria, Ltd v. Dolarian Capital, Inc*., No. 1:15-CV-01553-GEB-SKO, 2016 WL 128464, at *5 (E.D. Cal. Jan. 12, 2016); *Gantman v. United Pac. Ins. Co*., 284 Cal. Rptr. 188, 191 (Cal. App. 1991). The claims rest on the Old TOS agreement between Hananoki (as an X user) and X Corp. *See* Compl. ¶ 49 ("Hananoki used an existing X research account . . . ."); *id*. ¶¶ 124; 132; 144. Plaintiffs allege a connection to only Hananoki's use of X's Platform to "generate[] the ad pairings" at issue. *Id*. ¶ 92.

Any argument that Media Matters or Carusone are beneficiaries of Hananoki's agreement to the TOS is foreclosed. California requires "a third party beneficiary to plead a contract which

was made expressly for his benefit and one in which it clearly appears that he was a beneficiary." *Schauer v. Mandarin Gems of Cal., Inc.*, 23 Cal. Rptr. 3d 233, 239 (Cal. App. 2005) (cleaned up). The Complaint lacks such allegations, and for good reason: the Old TOS is expressly an "agreement between you and X Corp" only. ECF 1-1 at 4. Media Matters and Carusone thus lack standing.

## III.    Dismissal Is Required for Lack of Personal Jurisdiction over Foreign Defendants.

Faced with a motion to dismiss, Plaintiffs "bear[] the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Foreign Defendants lack "'continuous and systematic general business contacts' with a forum state" or "sufficient contacts arising from or related to specific transactions or activities in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *id.* at 800-02).

Plaintiffs cannot meet either standard. Plaintiffs admit that Foreign Defendants are "at home" abroad, without California connections. *See* Compl. ¶¶ 22-23. Plaintiffs rely instead on Foreign Defendants' contacts with *X Corp*., alleging they are closely related to the Old TOS relationship, are the Old TOS's "third party beneficiaries," and are X Corp.'s alter egos. *Id.* ¶¶ 26-29. Each theory fails, not least because the TOS operative at the time of this suit's filing displaces the Old TOS and names *Texas*, not California, as the right forum. ECF 40-3 at 10; ECF 40-10 ¶ 2. Even aside from this fatal defect, personal jurisdiction is lacking and Plaintiffs fail to state a claim.

## A.    The "closely related" doctrine gives no personal jurisdiction over TIUC or TAP.

Generally, "a forum-selection clause may be enforced only by and against the parties to the underlying contract." *Golden State Orthopaedics, Inc. v. Howmedica Osteonics Corp.*, No. C 14-3073 PJH, 2014 WL 12691050, at *4 (N.D. Cal. Oct. 31, 2014). The "closely related" doctrine is a narrow exception: "when the conduct of third parties is closely related to the contractual relationship between the signatories to a forum-selection clause, those third parties should benefit from and be subject to forum selection clauses." *Id.* at *5 (cleaned up). This theory has no purchase

here. First, the "closely related" doctrine cannot establish jurisdiction by association—defendant non-signatories must independently have sufficient minimum contacts with the forum in question, and none do here. Second, Foreign Defendants are not "closely related" to the X Corp.–Hananoki contract.

"[A] plaintiff's use of the 'closely related' doctrine to establish personal jurisdiction over a non-signatory defendant . . . implicates a constitutional due process problem by circumventing the minimum-contacts requirement." *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 312 (6th Cir. 2024); *see also Truinject Corp. v. Nestle Skin Health, S.A.*, No. 19-592-LPS-JLH, 2019 WL 6828984, at *11 (D. Del. Dec. 13, 2019) (expressing "serious questions about the constitutionality of" the doctrine). The Court should decline Plaintiffs' invitation to disregard constitutional requisites here, where no such contacts are alleged. The Complaint's contrary authority is inapposite. *See* Compl. ¶ 26 (citing *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc*., 915 F.2d 1351 (9th Cir. 1990); *Manetti-Farrow Inc. v. Gucci Am., Inc*., 858 F.2d 509 (9th Cir. 1998)). *TAAG* involved plaintiff opposing a forum provision and defendants who had "agreed to submit to the jurisdiction of the" forum—the opposite of the situation here. 915 F.2d at 1354. And "*Manetti-Farrow* addresses where the forum selection clause required the plaintiff to bring her own claims," not whether due process allowed "haul[ing] non-parties into a particular court." *Wescott v. Reisner*, No. 17-CV-06271-EMC, 2018 WL 2463614, at *3 (N.D. Cal. June 1, 2018); *see also FTC-Forward Threat Control, LLC v. Dominion Harbor Enters., LLC*, No. 5:19-CV-065890-EJD, 2020 WL 5545156, at *5 (N.D. Cal. Sept. 16, 2020) (distinguishing *Manetti-Farrow* and refusing to exercise jurisdiction over a defendant non-signatory). As *Wescott* and *FTC* recognized, the "closely related" doctrine lends no jurisdictional hook under these facts.

These due-process concerns are amplified absent allegations showing Foreign Defendants are closely related to the X Corp.–Hananoki contractual relationship. Plaintiffs allege no connection between Foreign Defendants and that TOS agreement, let alone benefits that accrued to Foreign Defendants thereunder. Foreign Defendants have not invoked that agreement in suing Hananoki abroad—they assert only tort claims sounding in defamation and tortious interference.

Foreign Defendants are also unlike "nonsignatory defendants [who] had 'consented' to the forum selection clause where the nonsignatories were intimately involved in the ratification or execution of the contract containing the forum selection clause." *Pestmaster Franchise Network, Inc. v. Mata*, No. 16-CV-07268-EMC, 2017 WL 1956927, at *5 (N.D. Cal. May 11, 2017). Because Foreign Defendants did nothing to anticipate being "haled into Court in California," X Corp.'s TOS cannot apply. *Id.*

### B.    Foreign Defendants are not third-party beneficiaries of the TOS.

"[N]o authority appears to exist for the proposition that, as third-party beneficiaries, they may be sued for breach of contract." *Solnes v. Wallis & Wallis, P.A.*, No. 13-61225-CIV, 2013 WL 3771341, at *4 (S.D. Fla. July 18, 2013). Although a plaintiff beneficiary suing under a contract is said to be "bound" by the other terms in that contract, *see TAAG*, 915 F.3d at 1354, he cannot be haled into court for breach.

Moreover, "one does not become an unintended third-party beneficiary of a contract simply because he might receive some incidental benefit from performance of that agreement." *A&B Beverage Co., LLC v. Coca-Cola Co.*, No. CV-15-3548-MWF (AGR), 2016 WL 11966888, at *14 (C.D. Cal. Jan. 7, 2016) (citation omitted). Third-party beneficiaries are only created when intended by the parties and "the terms of the contract make that intent evident." *Karo v. San Diego Symphony Orchestra Ass'n,* 762 F.2d 819, 821-22 (9th Cir. 1985). Here, there is no clear evidence of intent to provide a non-incidental benefit to the Foreign Defendants. Indeed, the TOS excludes the Foreign Defendants: "These Terms are an agreement between you and X Corp." ECF 1-1 at 3.

The Complaint's reference to TOS's disclaimer of liability as a "benefit" misses the mark. Compl. ¶¶ 101-02. In order to be considered a third-party beneficiary, a party must have a provision of the contract it can sue on to enforce. *MacGregor v. Rutberg*, 478 F.3d 790, 794 (7th Cir. 2007); *see also Helfand v. Gerson*, 105 F.3d 530, 538 (9th Cir.1997). Because the TOS provisions Plaintiffs identify do not empower the Foreign Plaintiffs to sue, they cannot constitute the sort of benefit that transforms the Foreign Defendants into third-party beneficiaries.

*TAAG* hurts rather than helps Plaintiffs. In *TAAG*, a plaintiff was a third-party beneficiary where it "assumed all of [its merger partner's] assets and liabilities," including its contractual rights. 915 F.2d at 1352. No comparable assumption exists here.

### C.    Foreign Defendants are not X Corp.'s alter egos.

Whether this Court looks to Nevada law (as it should, as the place of X Corp.'s incorporation) or California law, "[t]he alter ego theory of liability is an extreme remedy, sparingly used." *Theodorakis v. DFINITY Stiftung*, No. 23-CV-02280-AMO, 2025 WL 822978, at *4 (N.D. Cal. Mar. 14, 2025) (cleaned up); *In re Castro*, No. 14-42018 RLE, 2016 WL 5879596, at *8 n.24 (Bankr. N.D. Cal. Oct. 7, 2016) (describing California and Nevada alter ego law as similar). Thus, "courts will only pierce the corporate veil in exceptional circumstances." *Dutrisac v. STMicroelectronics, Inc.*, No. 23-CV-06639-BLF, 2024 WL 3646949, at *6 (N.D. Cal. Aug. 2, 2024) (cleaned up). "To establish an alter ego relationship, [Plaintiffs] must plausibly allege '(1) that there is such unity of interest and ownership that the separate personalities no longer exist and (2) that failure to disregard [their separate entities] would result in fraud or injustice.'" *Theodorakis*, 2025 WL 822978, at *4 (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). Conclusory alter ego allegations "are insufficient to state a claim": Plaintiffs "must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Ca., N.A*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). "[U]nity of interest and ownership" requires that "the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (citation omitted). This "envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business." *Id.* (cleaned up). "Total ownership and shared management personnel" are "insufficient to establish the requisite level of control." *Id.* Even heavy involvement in another company's business cannot "negate the entities' separate personalities through the observance of corporate formalities, such as adequate capitalization" and "proper documentation of transactions between the entities." *Id.* at 1074.

Plaintiffs never suggest Defendants disregarded corporate formalities, and their allegations "on information and belief," Compl. ¶¶ 27-29, are "too conclusory" to survive, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (rejecting alter ego theory). Their other allegations, such as that Foreign Defendants are subsidiaries of and directed by X Corp, Compl. ¶¶ 28-29, are also lacking. A corporate parent "may be directly involved in financing and macro-management of its subsidiaries . . . without exposing itself to a charge that each subsidiary is merely its alter ego." *Unocal*, 248 F.3d at 927; *see also Ranza*, 793 F.3d at 1074 (rejecting alter-ego claim when Complaint never showed parent "dictates every facet of [subsidiary's] business," including "routine matters of day-to-day operation"). Alleging Foreign Defendants are tied to X's reputation and harmed by Plaintiffs' defamation is irrelevant to jurisdiction. *Cf., e.g.*, *Rice Aircraft Servs., Inc. v. Soars*, No. 2:14-CV-2878 MCE DB, 2018 WL 3203133, at *10 (E.D. Cal. June 29, 2018), *report & recommendation adopted*, 2018 WL 4488558 (E.D. Cal. Sept. 19, 2018) (noting that "harm to plaintiff's reputation" concerned "defendants' contacts with plaintiff, not the state of California"). And separate companies "presenting themselves as one online does not rise to the level of unity" required. *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 984 (N.D. Cal. 2016).

### D.    Plaintiffs fail to state a claim for similar reasons.

While the jurisdictional deficiencies are fatal, Plaintiffs' claims also warrant dismissal for failure to state a claim. First, Plaintiffs' claim for declaratory relief is "merely duplicative" of their breach of contract claim and thus requires dismissal. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007); *accord Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 702 (N.D. Cal. 2020). *See supra* Part I.C.

Second, the claims against the Foreign Defendants fail because they are not parties to the TOS. It "goes without saying that a contract cannot bind a nonparty." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). So for the same reasons this Court lacks personal jurisdiction over Foreign Defendants, all claims against them fail. *See supra* Part III.

IV.   **This Suit Does Not Belong in This Forum and Must Be Transferred or, as to Foreign Defendants, Dismissed on *Forum Non Conveniens* Grounds.**

It is unnecessary to reach venue given the lack of subject-matter and personal jurisdiction. *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (subject-matter jurisdiction); *Gillespie v. Prestige Royal Liquors Corp*, 183 F. Supp. 3d 996, 1002 (N.D. Cal. 2016) (personal jurisdiction). Nevertheless, transfer is required or, as to Foreign Defendants, dismissal. Venue lies in (1) "a judicial district in which any defendant resides," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or if a case cannot otherwise be brought, (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction." *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55-56 (2013) (quoting 28 U.S.C. § 1391(b)). Because Plaintiffs' basis for venue as alleged, Compl. ¶ 31, does not satisfy those conditions, 28 U.S.C. § 1406(a) merits transfer. Even if venue were proper, the New TOS's forum-selection clause requires suit in Texas, where this case should be transferred under 28 U.S.C. § 1404(a). Alternatively, TIUC and TAP warrant *forum non conveniens* dismissal.

A.   **Plaintiffs' deficient venue allegations warrant transfer under section 1406.**

Plaintiffs' venue allegations warrant transfer. First, Plaintiffs have not alleged that "any defendant resides" in the District. 28 U.S.C. § 1391(b)(1); *see* Compl. ¶ 31. Venue must lie as of the time of filing. *E.g.*, *Bosman v. United States*, No. 12-CV-1320 YGR, 2012 WL 1747972, at *2 (N.D. Cal. May 15, 2012). As of filing, X Corp. was a Nevada corporation headquartered in Texas, not California.

Second, this is not a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiffs are mistaken that the forum-selection clause in the Old TOS renders venue proper. Compl. ¶ 31. In fact, the New TOS—effective at the time the Complaint was filed—requires litigation in Texas, where litigation has already been ongoing for a year and a half. *See infra* Part IV.B. The Old TOS, which has been superseded by the New TOS, cannot render venue proper here. *See* ECF 40-3 at 10 ("[T]he most

current version of the Terms, which will always be at https://x.com/tos, will govern our relationship with you."); *see also S.M.R. Innovations LTD v. Apple Inc.*, No. 6-23-CV-00479, --- F. Supp. 3d ----, 2024 WL 5410405, at * 1 (W.D. Tex. Nov. 14, 2024) (analyzing appropriateness of forum "at the time of filing"). Plaintiffs do not specify what other alleged "events or omissions giving rise to the claim occurred" in this District. Compl. ¶ 31. Plaintiffs hint at harm from a purported "decision" in San Francisco to file lawsuits in breach of the TOS allegedly "drafted and updated" there. *Id.* ¶ 30. But those suits were filed in Texas and overseas, not California, and "[o]nly the events that directly give rise to a claim are relevant." *Lawler v. Tarallo*, No. C 13-03284 MEJ, 2013 WL 5755685, at *3 (N.D. Cal. Oct. 23, 2013) (citation omitted).

Third, section 1391's catch-all does not render venue proper in this District. Jurisdiction in Texas, where X Corp. has already been litigating for eighteen months, is proper and obviates any basis for venue under section 1391(b)(3). And TIUC and TAP are disregarded for venue purposes per section 1391(c)(3). Because the Northern District of Texas provides a proper alternative forum, this case merits transfer under 28 U.S.C. § 1406(a).

**B.    Alternatively, Section 1404 merits transfer to the Northern District of Texas.**

Even if venue were proper, the case still should be transferred to the Northern District of Texas per 28 U.S.C. § 1404(a). Courts consider: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014). Section 1404(a) is also the proper vehicle for a forum-selection clause. *Atl. Marine*, 571 U.S. at 59.

If any forum-selection provision applies here, it is found in the New TOS that requires suit in Texas. *See supra* Part IV.A. The "interest in having localized controversies decided at home" and avoiding court congestion also favors transfer. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 512 (9th Cir. 2000). As this is a case based on Texas law involving a Texas company, Exh. A at 2-4,

this factor favors transfer, *see Lightbeam Health Sols. Inc. v. Tidewater Physicians Multispeciality Grp. PC*, No. 3:17-CV-0395-M, 2017 WL 3382458, at *3 (N.D. Tex. Aug. 7, 2017) (local presence, place of incorporation, offices, employees, and location of servers favor local interest). And because transfer to less-crowded dockets is preferred, *e.g.*, *Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 WL 5462286, at *7 (N.D. Tex. Sept. 16, 2013), this factor also favors transfer: Judges in the Northern District of Texas have half the caseload, and take half as long to get their cases to trial, as compared to judges in this District. *See* Exh. B. The Texas court's familiarity with related litigation involving the parties and applicable state law also favors transfer. *United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2022 WL 19006361, at *4 (N.D. Tex. Sep. 20, 2022).

Even without the New TOS, private and public interests overwhelmingly favor transfer. *See Clark v. VIP Petcare, LLC*, No. 22-CV-08935-AMO, 2023 WL 8459928, at *5 (N.D. Cal. Dec. 6, 2023). Plaintiffs' choice of forum merits no weight because no Plaintiff is a California resident. *See id.* at *6. Party and witness convenience and ease of access to proof likewise favor transfer as no party resides in California. *See id.* at *4. X Corp., which closed its San Francisco office in 2024, resides in Texas, currently has 166 employees in Texas, and makes most strategic decisions in Texas. Exh. A at 2-3.

**C.**    **At a minimum, *forum non conveniens* dismissal is warranted for TIUC and TAP.**

Even if venue were proper, the New TOS's forum selection clause ignored, and transfer found unwarranted, Foreign Defendants still merit *forum non conveniens* dismissal. U.S. courts dismiss claims under the *forum non conveniens* doctrine where the injuries occurred in a foreign jurisdiction. *E.g.*, *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 661-67 (9th Cir. 2009). A *forum non conveniens* movant "bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). Defendants can show "that an alternative forum exists and that it is adequate." *Tuazon v. R.J. Reynolds Tobacco*

*Co.*, 433 F.3d 1163, 1178 (9th Cir.2006). "[A]n alternative forum ordinarily exists when the defendant is amenable to service of process in the foreign forum." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). That forum "must provide the plaintiff with some remedy for his wrong." *Id.* As the foreign litigation shows, the test is satisfied here. Defendants are amenable to service in Ireland and Singapore. *See* Exh. C at 2; Exh. D at 2. Indeed, suits involving Media Matters, TIUC, and TAP have progressed significantly in their respective jurisdictions. The respective fora likewise provide an adequate remedy for Plaintiffs' alleged injuries. *See* Exh. C at 2; Exh. D at 2-3.

Public and private interest factors likewise favor *forum non conveniens*: (1) relative ease of access to proof; (2) the availability of compulsory process for hostile witnesses and cost of transporting willing witnesses; (3) possibility of viewing subject premises; and (4) "other factors contributing to an expeditious and inexpensive trial." *Gemini Cap. Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1093 (9th Cir. 1998). Other factors include: (1) administrative difficulties from court congestion; (2) imposition of jury duty on the people of a community unrelated to the litigation; (3) the local interest in resolving controversies at home; (4) the preference for having a forum apply a law with which it is familiar; and (5) "the avoidance of unnecessary conflicts of law problems." *Id.* at 1094. A common theme is whether the claim has meaningful connections to the U.S. forum as compared to the foreign forum. *See id.* at 1093-95. Here, litigation in Ireland and Singapore would be favored by the facts that TIUC and TAP are respectively located in Ireland and Singapore, where harms to those entities were suffered and witnesses and records are likely located; and the Irish and Singaporean courts have a far greater connection to and familiarity with foreign law. Exh. C at 2-3; Exh. D at 3.

## CONCLUSION

The Court should dismiss the Complaint, transfer this case to the Northern District of Texas or, at a minimum, dismiss as to Foreign Defendants on *forum non conveniens* grounds.

Dated: April 1, 2025.                          Respectfully submitted.

                                               /s/ Christopher D. Hilton
                                               Judd E. Stone II *
                                               Christopher D. Hilton *
                                               Ari Cuenin *
                                               Michael R. Abrams *
                                               Elizabeth Brown Fore *
                                               Alex M. Dvorscak *
                                               Cody C. Coll *
                                               **STONE HILTON PLLC**
                                               600 Congress Ave.,
                                               Suite 2350
                                               Austin, TX 78701
                                               Telephone: (737) 465-7248
                                               judd@stonehilton.com
                                               chris@stonehilton.com
                                               ari@stonehilton.com
                                               michael@stonehilton.com
                                               elizabeth@stonehilton.com
                                               alex@stonehilton.com
                                               cody@stonehilton.com
                                               * Admitted *pro hac vice*


                                               /s/ Bradley A. Benbrook
                                               Bradley A. Benbrook
                                                 SBN 177786
                                               Stephen M. Duvernay
                                                 SBN 250957
                                               **BENBROOK LAW GROUP, PC**
                                               701 University Avenue, Suite 106
                                               Sacramento, CA 95825
                                               Telephone: (916) 447-4900
                                               brad@benbrooklawgroup.com

                                               *Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that this document was served on all counsel of record on April 1, 2025, via the Court's CM/ECF system.

                                               /s/ Stephen M. Duvernay
                                               Stephen M. Duvernay