UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> X CORP., et al., <br><br> Defendants. | Case No.  25-cv-02397-VC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 16 |

The motion for a preliminary injunction is granted in part and denied in part.

Media Matters's delay in bringing this case and invoking the forum selection clause is relevant to all the relief it seeks. But with regard to the Ireland proceeding, the threatened UK proceeding, and any other potential foreign proceeding, this delay is outweighed by the fact that every other relevant consideration strongly favors Media Matters: The forum selection clause clearly applies to the X entities' claims and against the foreign X entities (at a minimum because they are third-party beneficiaries of the Terms of Service), satisfying the first antisuit injunction factor. California policy favors the enforcement of forum selection clauses—and it seems almost certain that the X entities' decision to file multiple suits in multiple jurisdictions is designed more to bully Media Matters and inflict financial hardship upon it than to actually vindicate those entities' rights—so the second factor is satisfied. And comity is generally unimplicated by the enforcement of a valid forum selection clause between private parties. *See Applied Medical Distribution v. Surgical Co. BV*, 587 F.3d 909, 913–920 (9th Cir. 2009). Furthermore, the delay, while significant, does not appear to be the product of gamesmanship on the part of counsel for Media Matters. Indeed, as counsel for X observed at the hearing, it appears that previous counsel

for Media Matters simply missed this issue, and when new counsel came in, they spotted it and acted on it right away. And for good reason, as the forum selection clause makes clear that all these lawsuits should have been filed in California. So for the Ireland case and any other potential cases in foreign jurisdictions, Media Matters shouldn't be punished for its lawyers' failure to raise the forum selection clause earlier.

But the delay matters more with regard to the request to enjoin the Singapore case (even if the delay doesn't rise to the level of waiver or forfeiture). In the Ireland case, the parties haven't filed their briefs on Media Matters's jurisdictional challenge, and the matter hasn't been set for hearing. But in the Singapore case, the parties have filed their briefs and the matter is set for hearing in just a few days. The parties have presumably spent a lot of time and money litigating the challenge—and more importantly, the Singapore court has presumably spent a lot of time and effort preparing to hear it. So enjoining that proceeding would have a greater impact on comity. District courts' power to enjoin foreign lawsuits is to be exercised "sparingly." *Id.* at 920. Under these circumstances, enjoining the Singapore lawsuit is not an appropriate exercise of that power.

Accordingly, the X entities are enjoined from further prosecuting the pending action against Media Matters in Ireland. The X entities—as well as all other X Corp. subsidiaries, parents, affiliates, related companies, officers, directors, employees, agents, representatives, partners, and licensors—are also enjoined from prosecuting or initiating litigation outside of the United States against Media Matters that arises from same conduct alleged in the Ireland and Singapore complaints—except for the already-filed and currently pending Singapore litigation.

As stated at the hearing, under no circumstances will this Court issue a ruling that enjoins or otherwise restrains the Texas litigation. It's for the judge in Texas to decide whether Media Matters has forfeited its right to rely on the forum selection clause in the litigation before him.

A longer order explaining the Court's reasoning in more detail (for example, why this dispute clearly falls within the scope of the forum selection clause and why the foreign subsidiaries are bound by it) will follow.

**IT IS SO ORDERED.**

Dated: April 10, 2025

_____

VINCE CHHABRIA
United States District Judge