**BENBROOK LAW GROUP, PC**
Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

**STONE HILTON PLLC**
Judd E. Stone II *
Christopher D. Hilton *
Ari Cuenin *
Michael R. Abrams *
Elizabeth Brown Fore
Alexander M. Dvorscak *
Cody C. Coll*
600 Congress Ave.
Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com
* Admitted *pro hac vice*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ANGELO CARUSONE, and ERIC HANANOKI,<br><br>         *Plaintiffs*,<br><br>    v.<br><br>X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.,<br><br>         *Defendants*. | Case No.: 3:25-cv-02397-VC<br><br>**DEFENDANTS X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.'s REPLY IN SUPPORT OF MOTION TO DISMISS, TRANSFER UNDER 28 U.S.C. §§ 1404, 1406, OR DISMISS FOR *FORUM NON CONVENIENS*** |

Plaintiffs seek to enforce an irrelevant agreement against two nonsignatories. Plaintiffs have sued parties located on other continents with no connection to—let alone minimum contacts with—this State based on a contract they never agreed to. And they did so in clear contravention of an agreement requiring Plaintiffs to bring this suit in Texas. Moreover, for relief, Plaintiffs seek attorneys' fees that are both unavailable and barred by clear contractual limits. The Complaint should thus be dismissed, or at a minimum, transferred to the Northern District of Texas.

## I.     This Court's Preliminary Order Is Not "Law of the Case."

Plaintiffs contend (at 8) that "the bulk of Defendants' arguments" are foreclosed because the Court's preliminary injunction is "[t]he law of the case." That is wrong as a matter of law. A "preliminary injunction [is] not binding at trial on the merits," *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); thus, preliminary-injunction rulings are not "the law of the case," *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007). "Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case." *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014).

## II.    This Court Lacks Subject-Matter Jurisdiction.

### A.     Defendants' tort damages asserted abroad are not in controversy here.

Plaintiffs now (at 9) base the amount in controversy on damages Defendants seek in their foreign litigation. But Plaintiffs seek only to move foreign litigation to California—not avoid foreign damages. ECF 16 at ¶ 5. Where the "amount at stake" in the controversy is, at most, the potential "cost of complying with an injunction"—here, refiling in California—the total damages exposure at issue is not the correct measure of the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016); *see also Griggs v. Credit Sols. of Am., Inc.*, No. 4:08CV01598 ERW, 2009 WL 911420, at *2-3 (E.D. Mo. Mar. 31, 2009) (limiting amount to arbitration costs in excess of court costs). For forum selection clauses, at least one court dismissed similar claims because it discerned "no quantifiable benefit" in having the "dispute adjudicated by" the chosen fora. *Westlake Vinyls, Inc. v. Goodrich Corp.*, No. 5:14-CV-00041-TBR, 2014 WL 2816070, at *4 (W.D. Ky. June 23, 2014). Damages claimed in litigation abroad

are thus not in "dispute" in this contract case, which seeks only to move, not halt, those cases and the damage exposure thereunder. *See id.*

*Cisco Systems*, which Plaintiffs cite, illustrates this distinction. There, Cisco pleaded that a contract action pending abroad "sought more than $13 million in damages," "far in excess of what could be reasonably claimed" under California law. *Complaint* (ECF 1) at ¶ 20, *Cysco Sys., Inc. v. GTEC*, No. 5:10-CV-04960-EJD (N.D. Cal. filed Nov. 2, 2010). The amount in controversy was met because the injunction would have *prevented* the foreign defendant from recovering the $13 million sought abroad and unavailable in California. *Cisco Sys.*, 2011 WL 13253336, at *2 (N.D. Cal. Sept. 27, 2011). Here, Plaintiffs have not argued that the damages claimed in Ireland and Singapore (for lost revenue in their respective jurisdictions) are *unavailable* in California. Indeed, X Corp.'s Texas case states a similar theory for US losses. Media Matters' stated purpose of the preliminary injunction—"to ensure that any litigation arising from the same conduct proceeds in the proper forum," ECF 16 at 5—*disclaims* preventing Defendants from pursuing their foreign damages in the US. Accordingly, Plaintiffs' exposure in the foreign litigation is not in controversy.

### B.  X Corp.'s limitation of liability is enforceable.

Plaintiffs cannot establish that the TOS's damages cap is unconscionable or unenforceable. "[U]nconscionability requires oppression or surprise—that is, procedural unconscionability—along with the overly harsh or one-sided results that epitomize substantive unconscionability." *De La Torre v. CashCall, Inc.*, 5 Cal. 5th 966, 982 (Cal. 2018). Oppression stems from inequality in bargaining power due to absence of choice, and surprise is found when the terms the parties agreed to are hidden. *MySpace, Inc. v. The Globe.com, Inc.*, No. CV 06-3391-RGK, 2007 WL 1686966, at *9 (C.D. Cal. Feb. 27, 2007). Substantive conscionability is found when "terms are so harsh, oppressive, or one-sided as to shock the conscience." *Id.*

Unconscionability "requires a plaintiff to *plead facts* supporting both procedural and substantive unconscionability." *Brown v. Blackbaud, Inc.*, No. CV 18-03549-AB, 2019 WL 4509203, at *3 (C.D. Cal. July 25, 2019) (emphasis added). Plaintiffs concede as much, yet Plaintiffs' procedural unconscionability claim does not even reach a "minimum level." ECF 60 at

2

3. Plaintiffs cannot claim surprise or oppression due to unequal bargaining power when use of a "social media service" is "not a necessity of life" that is protected by the doctrine. *Adkins v. Facebook, Inc.*, No. C 18-05982 WHA, 2019 WL 3767455, at *2 (N.D. Cal. Aug. 9, 2019) (upholding Facebook's limitation); *see also Darnaa, LLC v. Google, Inc.*, No. 15-CV-03221-RMW, 2015 WL 7753406, at *2 (N.D. Cal. Dec. 2, 2015); *Price v. Apple, Inc.*, No. 21-CV-02846-HSG, 2023 WL 2671378, at *4 (N.D. Cal. Mar. 28, 2023). As for substantive unconscionability, damages caps are appropriate when a "high-risk, low-compensation service" is offered, *Markborough Calif., Inc. v. Superior Ct.*, 227 Cal. App. 3d 705, 714 (1991), and "have long been recognized as valid," *Chauhan v. Google LLC*, No. 23-CV-00702-KAW, 2023 WL 5004078, at *3 (N.D. Cal. Aug. 4, 2023). Because "[t]he 'shock the conscience' standard" of substantive unconscionability "is a high one," *Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1047 (N.D. Cal. 2010), social-media limitations are often upheld, *see* Mot. 4-5; *Adkins*, 2019 WL 3767455, at *2. Even Plaintiffs' authority (at 10) notes that "business realities" can justify one-sided terms. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 117 (2000).[1]

Lastly, Plaintiffs call (at 10) the cap one-sided because X sued them for over $100 yet capped Plaintiffs' recovery at $100. *See* ECF 40 at 14. But Defendants' claims are not contractual claims: Plaintiffs defamed Defendants and interfered deliberately with advertiser relationships separately from their Platform use. Plaintiffs' argument fails because the TOS's forum selection clause and cap simply don't apply to TIUC's or TAP's claims. ECF 40 at 21-24.

**C.   Attorneys' fees are not cognizable as consequential damages.**

Plaintiffs do not dispute that non-statutory attorneys' fees are generally "not part of the 'amount in controversy.'" *Aguilar v. Amazon.com, Inc.*, 677 F. Supp. 3d 1075, 1078 (N.D. Cal. 2023). Foreclosed by that fundamental rule, Plaintiffs instead characterize the attorneys' fees they seek as consequential damages recoverable for breach of the forum selection clause ("FSC"). ECF

---

[1] The Complaint's conclusory footnote mentioning unconscionability is insufficient, ECF 1 at 7 n.9, and preserves nothing, *Cheever v. Huawei Device USA, Inc.*, No. 18-CV-06715-JST, 2019 WL 8883942, at *3 (N.D. Cal. Dec. 4, 2019).

60 at 11. But Plaintiffs' sleight of hand changes nothing. The award of fees as consequential damages for breach are awarded only in highly limited instances, when such relief supports a strong public interest or is authorized by statute. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1058 (N.D. Cal. 2004) (citing CAL. CIV. PROC. CODE § 1021.6); *Microsoft Corp. v. Motorola Inc.*, 795 F.3d 1024, 1051-52 (9th Cir. 2015) (affirming award in the public interest when the contract is "characterized by elements of public interest" for litigation analogous to malicious prosecution). Plaintiffs' authority, *Prakash Jones v. Morris+D'Angelo*, refutes their argument. No. 5:23-CV-05830-BLF, 2024 WL 4428980 (N.D. Cal. Oct. 4, 2024). That case ruled that "Plaintiffs *may not* recover the attorneys' fees incurred in this action as consequential damages." *Id.* at *10 (emphasis added). Here, Plaintiffs have not raised a statute, or any public interest overriding the American Rule. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). Other courts reject fees as damages arising from FSCs.[2]

Plaintiffs' other cases are distinguishable, involving FSCs unambiguously prescribing fora and manifest bad-faith litigation tactics. *Br. in Support of App. for TRO* (ECF 23) at 6-7, 10-12, *Gilbane Fed. v. United Infrastructure Projects FZCO*, No. 3:14-VC-03254-VC (N.D. Cal. filed Aug. 28, 2014) (*ex parte* "vexatious" suit contravening the FSC to coerce settlement); *Complaint* (ECF 1) at ¶¶ 1-5, *Cisco*, No. 5:10-CV-04960-EJD (retaliatory action in "blatant disregard of the clear terms of the agreement"); *Cisco*, 2011 WL 13253336, at *1 (N.D. Cal. Sept. 27, 2011) (related foreign civil and criminal actions). Here, rather, any claim of a bad-faith FSC breach is belied by Plaintiffs' year-and-a-half delay, *see* ECF 40, 19-20, and their "considered decision" not to raise it abroad, ECF 58 at 10:13-20. Plaintiffs knew the FSC was inapplicable, did not raise it, and have long since waived or forfeited their right to enforce it. *Id.* at 6:1-25; 10:12-20.

---

[2] See, e.g., *Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, 819 F. Supp. 2d 230 (S.D.N.Y. 2011); *Hydrogen Master Rts., Ltd. v. Weston*, 228 F. Supp. 3d 320 (D. Del. 2017); *Luv N' Care, Ltd v. Groupo Rimar*, No. 14-2491, 2015 WL 9463189 (W.D. La. Dec. 28, 2015) *rev'd on other grounds*, 844 F.3d 442 (5th Cir. 2016); *Am. Guard Servs., Inc. v. Mgmt. Info. Tech. Corp.*, No. CV 11-3525 RSWL, 2011 WL 2940407 (C.D. Cal. July 21, 2011).

**III.     This Court Lacks Personal Jurisdiction Over the Foreign Defendants.**

TIUC and TAP are not parties to the contract that Plaintiffs seek to enforce and lack a connection to California. None of Plaintiffs' three theories cures this fatal defect in their claims.

<u>Third-Party Beneficiary</u>. A third-party beneficiary is not a contracting party and has no contractual duties. *See Peregrine Falcon, LLC v. Piaggio Am., Inc.*, 720 F. App'x 863, 864 (9th Cir. 2018); *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 467 (1960). As a general rule, "[s]ince a third-party beneficiary does not have a duty to perform under the contract [it] cannot be sued for breach." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1068 (C.D. Cal. 2003).[3] Plaintiffs wholly fail to grapple with this blackletter contract-law principle.

If, however, a third-party beneficiary *invokes* a contract, an FSC in that same contract[4] may apply to him—but "a third party beneficiary will *only* be bound by the terms of the underlying contract" if the third-party's claims "arise from its third-party beneficiary status." *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.,* 269 F.3d 187, 197 (3d Cir. 2001).[5] In other words, for an FSC to apply to a third-party beneficiary, the third-party beneficiary must first affirmatively invoke the same contract. The rule sounds in fairness—one "cannot accept the benefits and avoid the burdens or limitations of a contract," *Trans-Bay Eng'rs & Builders, Inc. v. Hills*, 551 F.2d 370, 378 (D.C. Cir. 1976)—and in "estoppel"— "the third party cannot select the parts favorable to him and reject those unfavorable to him," *Souza v. Westlands Water Dist.*, 135 Cal. App. 4th 879, 895 (2006) (cleaned up). Conversely, when one has *not* invoked a contract and "accepted the benefit," the contract's FSC cannot be "enforced against" him. *Jacks v. CMH*

---

[3] *Sallah v. Chhatrala Barstow, LLC*, No. D072326, 2018 WL 1465459, at *6 (Cal. Ct. App. Mar. 26, 2018); *Knudsen v. CHSI of Cal., LLC*, No. 2:07-CV-02231-MCE-KJM, 2008 WL 719248, at *6 (E.D. Cal. Mar. 17, 2008); *Focus Direct, Inc. v. Sekulow*, No. SA-02-CA-1175-RF, 2003 WL 22143281, at *1 (W.D. Tex. Sept. 5, 2003); *Alvarado Orthopedic Rsch., L.P. v. Linavatec Corp.*, No. 11cv246-IEG, 2012 WL 404775 (S.D. Cal. Feb. 8, 2012); CAL. CIV. CODE § 1559.
[4] Arbitration agreements are treated similarly as "a subset of . . . forum selection clauses in general." *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 534 (1995); *see also Milliner v. Bock Evans Fin. Counsel, Ltd.*, 114 F. Supp. 3d 871, 876 (N.D. Cal. 2015).
[5] *See also Indus. Elecs. Corp. of Wis. v. iPower Dist. Grp., Inc.*, 215 F.3d 677, 681 (7th Cir. 2000); *Campbell v. Anesthesia Mgmt. Sols., LLC*, No. 5:20-CV-3538-SAL, 2021 WL 4167530, at *4 (D.S.C. Sept. 14, 2021); *Consol. Bathurst, Ltd. v. Rederiaktiebolaget Gustaf Erikson*, 645 F. Supp. 884, 887 (S.D. Fla. 1986).

5

*Homes, Inc.*, 856 F.3d 1301, 1305 (10th Cir. 2017); *Ismart Int'l Ltd. v. I-Docsecure, LLC*, No. C-04-03114 RMW, 2005 WL 588607, at *8 n.5 (N.D. Cal. Feb. 14, 2005); *see also Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006); *Nat'l Rural Telcoms.*, 319 F. Supp. 2d at 1068.

Here, the Foreign Defendants never invoked the TOS, so the FSC doesn't apply to them. The claims in Ireland and Singapore are tort-based (not contract) claims that do not rely on the TOS. Indeed, Plaintiffs never claim the Foreign Defendants (or X Corp.) invoked the TOS, only (at 8) that they "can." That is plainly insufficient. Instead, Plaintiffs argue "TIUC and TAP . . . sued Plaintiffs [] in foreign jurisdictions" and so may be sued in the U.S. ECF 60 at 7. That gets them nowhere for the same reasons: the tort claims asserted in those suits do not seek to enforce the TOS. *See Comer*, 436 F.3d at 1102; *accord Namisnak v. Uber Techs., Inc.*, 315 F. Supp. 3d 1124, 1127-28 (N.D. Cal. 2018); *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 231-32 (2009).[6]

Plaintiffs claim (at 8) that the Foreign Defendants must be able to enforce the TOS, as they would otherwise be "unable to address misuse of that platform by U.S.-based users." This ignores that X Corp. can itself address misuse and that, per *Comer*, the Foreign Defendants must actually invoke the TOS against Plaintiffs (and that they have not done so here). Plaintiffs' reliance on a shallow truism in footnote dicta generally noting that "a third-party beneficiary can be bound to the terms of a forum-selection clause" in *Trans-Tec Asia v. M/V Harmony Container*, 435 F. Supp. 2d 1015, 1028 n.17 (C.D. Cal. 2005), does not help them. This doctrine's limits are discussed above, and the FSC does not apply here. Finally, the assertion (at 8) that the Foreign Defendants "made representations" in the TOS is wrong. Only signatories make representations in a contract.

Alter Ego. Alter ego requires (1) "such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice.'" *Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052, 1058-59 (N.D. Cal. 2022) (cleaned up). The "unity of interest" prong requires such

---

[6] *See also E.I. DuPont*, 269 F.3d at 197-98 (refusing to bind beneficiary where "[n]one of DuPont's amended claims . . . ar[o]se out of its alleged third party beneficiary status under the Agreement"); *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 149 (Fla. 2016).

"pervasive control that it can only be met where a parent corporation dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983 (N.D. Cal. 2016) (cleaned up). The allegations (at 9-10) reduce to (1) a few media reports about Elon Musk's statements about MMFA; (2) a profit-and-loss roll up from an SEC filing under prior ownership; and (3) broad statements about the X Platform generally. This showing cannot meet Plaintiffs' burden—especially considering the proper focus is on the purported alter egos' actions, not Musk's. *See Corcoran*, 169 F. Supp 3d at 983-84 (evidence of parent involvement in subsidiary's decisions, overlapping officers and directors, and presentation as one integrated company insufficient).

Even if Plaintiffs had adequately alleged total ownership and shared management personnel, that cannot suffice "where the entities observe all of the corporate formalities necessary to maintain corporate separateness.'" *Id.* at 983 (cleaned up). Nor can Plaintiffs make a "case-specific" alter-ego demonstration. ECF 58 at 49:6-21. Allegations of alter-ego status for the TOS are lacking, as *Mazal Group, LLC v. Barak* cited by Plaintiffs, indicates. There, the alter ego both signed the contract *and* breached the contract on behalf of the contracting party. No. CV 18-4983-DMG, 2019 WL 4316244, at *2 (C.D. Cal. June 17, 2019). No such circumstances exist here. Likewise, Plaintiffs do not allege "fraudulent intent at [the Foreign Defendants'] inception or some later abuse of the corporate form such that" respecting it is "inequitable." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 605 F. Supp. 2d 1118, 1134 (D. Nev. 2009). Plaintiffs' scant alter-ego allegations justify neither jurisdiction nor jurisdictional discovery. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (denying jurisdictional discovery).[7]

Closely Related. Plaintiffs' reliance (at 9) on *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988), for personal jurisdiction fails. *Manetti* "is inapposite because it addressed a venue dispute, not personal jurisdiction." *Wescott v. Reisner*, No. 17-CV-06271-EMC, 2018 WL 2463614, at *3 (N.D. Cal. June 1, 2018). It did not address whether a FSC "permitted the plaintiff

---

[7] Plaintiffs' agency argument, hidden in a footnote and absent from the Complaint, Resp. 11 n.1, cannot be considered and need not be addressed. *See Singleton*, 2017 WL 6453528, at *10.

7

consistent with due process to haul non-parties into a particular court." *Id.* Plaintiffs' cases "do[] not appear to have considered" this distinction. *See, e.g.*, *Salesforce.com, Inc. v. GEA, Inc.*, No. 19-CV-01710-JST, 2019 WL 3804704, at *7 n.8 (N.D. Cal. Aug. 13, 2019).

And as with third-party beneficiaries, the "closely related" doctrine is only properly applied to a non-signatory who already invoked the contract. Courts, citing *Manetti*, reject other attempts:

> Unlike the situation where a non-signatory defendant seeks to enforce a forum-selection clause (against a signatory plaintiff), and thus consents to jurisdiction in the alternative forum, where the plaintiff seeks to enforce a clause against a non-signatory defendant who did not consent to jurisdiction, there are due process concerns.

*Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 589-90 (N.D. Cal. 2022); *see also Wescott*, 2018 WL 2463614, at *3 (similarly citing *Manetti-Farrow*). Plaintiffs fail to consider this distinction, too. And none of Plaintiffs' cases resolve the constitutional flaws inherent in using the doctrine against defendant nonsignatories who never invoked the contract. *See M3 USA Corp. v. Qamoum*, No. 20-2903, 2021 WL 2324753, at *12 (D.D.C. June 7, 2021) (expressing skepticism the doctrine "can be reconciled" with "personal jurisdiction precedent and due process").

## IV.   Carusone and Media Matters Lack Standing to Enforce the TOS or FSC.

Plaintiffs studiously ignore that Carusone and MMFA are not parties to the TOS with Hananoki that they invoke. They cite the "closely related" doctrine, claiming (at 13) non-signatory MMFA is "closely related" to Hananoki's TOS contract. This theory, absent from the Complaint, ECF 1, can't be deployed now, *Riggins v. Bank of Am., N.A.*, No. SACV 12-033 DOC, 2012 WL 13049692, at *9 n.3 (C.D. Cal. July 18, 2012).[8] Nor are those parties closely related. The relevant question is "whether the nonsignatories [here, MMFA and Carusone] were close to the contractual relationship [between Hananoki and X Corp.]." *Bugna v. Fike*, 80 Cal. App. 4th 229, 235 (2000). Closely related parties are ones "who, *for all intents and purposes* participated in the transaction" yet "for some reason did not sign" a contract, *Berclain Am. Latina, S.A. de C.V. v. Baan Co. N.V.*, 74 Cal. App. 4th 401, 408 (1999), or "key transaction participants—[those] who negotiated,

---

[8] Plaintiffs wrongly argue that TIUC and TAP are closely related to X Corp. *See supra* Part III.

evaluated and otherwise put together" the contract, *Bugna*, 80 Cal. App. 4th at 235. Plaintiffs never allege anything like that for Hananoki and Carusone or MMFA.

## V. The Complaint Should Be Dismissed on Venue Grounds.

Dismissal is required under 28 U.S.C. § 1406(a) because the Complaint does not establish venue under 28 U.S.C. § 1391. Mot. 12. Plaintiffs (at 13-14) fail to respond to, and therefore forfeit arguments against, dismissal on that basis. Plaintiffs instead argue that the FSC (at 13) waives improper venue because it previously provided for venue in California. Because the Foreign Defendants are not bound to the FSC as stated in Part IV, *supra*, that argument fails. And even if the FSC applies, a party preserves the ability to challenge venue unless he waived that right. *See, e.g.*, *Ethicon, Inc. v. Randall*, No. 3:20-CV-13524, 2021 WL 2206106, at *7 (D.N.J. May 28, 2021). Here, the FSC states "*you* consent to personal jurisdiction and waive any objection as to inconvenient forum," indicating waiver only for Plaintiffs, not Defendants. ECF 16-2 at 55 (emphasis added).[9]

Moreover, the FSC in effect at the time of Plaintiffs' suit designates that venue is proper only in Texas. Mot. 12-13. Plaintiffs do not dispute that the current TOS required litigation in Texas at the time this suit was filed; instead, they argue—without citation—that "the Terms in place at the time of the alleged conduct" control. ECF 60 at 13 (emphasis omitted). Not so. *Cf. Muhammad v. YouTube, LLC*, No. 18-836-SDD-EWD, 2019 WL 2338503, at *1 (M.D. La. June 3, 2019) (finding version *at time of suit* controlling where, as here, YouTube reserved the right to update its terms); *see also Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12 F.4th 1212, 1223-24 (10th Cir. 2021) (enforcing later arbitration clause because it had "no temporal element"); *Kahnert v. Kotick*, No. CV 21-8968 PA, 2022 WL 2167798, at *4 (C.D. Cal. Mar. 4, 2022) (noting theory similar to Plaintiffs' regarding corporate bylaws has been "widely disapproved and rejected"). Plaintiffs also ignore TOS language that the "most current version of the Terms . . . will

---

[9] No ambiguity exists to be "construed against" any party. Resp. 14. "A contract is not ambiguous merely because the parties disagree as to its proper construction." *Gottesfeld v. Repligen Corp.*, No. 3:17-CV-0249-CAB-AGS, 2017 WL 3007201, at *3 (S.D. Cal. July 14, 2017).

9

govern our relationship with you," ECF 16-2 at 55, and that any updated TOS language applies "notwithstanding any other agreement between you and us to the contrary," ECF 40-3 at 10. Plaintiffs cite *Boose v. Musk*, 1:24-cv-05650 (N.D. Ga. originally filed Oct. 3, 2024, removed Dec. 10, 2024), but in that case, X sought to enforce the TOS effective when Boose originally filed suit in state court, *see id.*, ECF 1-1 at 3. In a case where the TOS is amended after litigation begins, new language may not apply. But here, the amendment took effect months *before* Plaintiffs filed.

Any notion that following the Texas FSC "is 'unreasonable' under the circumstances'" must be rejected, as Plaintiffs raise it only in a cursory footnote preserving nothing. *Cheever*, 2019 WL 8883942, at *3. Regardless, Plaintiffs chose to use the platform for non-litigation purposes, ECF 40-10 ¶ 7, and cannot improperly seek millions in relief under a contract clause while complaining that the effective version of that clause is unreasonable while on notice it would change "from time to time," ECF 16-2 at 55.

**VI.    Section 1404(a) Warrants Transfer and *Forum Non Conveniens* Warrants Dismissal.**

Plaintiffs' transfer arguments (at 14-15) rest on the incorrect premise that the TOS binds nonparties. Not so. *See supra* Part IV. But even if the FSC applies, it favors transfer. Mot. 13-14. Any choice-of-law issues favor Texas over California because the TOS chooses Texas law. *See* Mot. 13. As for administrative convenience, Plaintiffs cannot complain where any inconvenience results from their own decision to delay bringing this case for a year and a half. *Contra* Resp. 15. Lastly, the "local interest" is manifestly less tied to California—where X Corp. is headquartered 1700 miles away—than Texas. Resp. 15. Plaintiffs wrongfully assume a particular geographical nexus to California; the harms from Plaintiffs' conduct and lies reached globally.

Plaintiffs' *forum non conveniens* argument is duplicative of their argument that the Foreign Defendants are "bound by a forum selection clause" in the TOS. Resp. 15. The Court should reject that argument as stated in Part IV, *supra*. Likewise, Plaintiffs (at 15) conflate the fact that "TIUC and TAP have sued U.S.-based Plaintiffs" for harms suffered abroad with the fact that Plaintiffs sued those entities here. *See* Mot. 15. Because Plaintiffs cannot show that the Foreign Defendants agreed to litigate their claims in California, dismissal is appropriate.

Dated: April 22, 2025.                                  Respectfully submitted.

/s/ Christopher D. Hilton
Judd E. Stone II *
Christopher D. Hilton *
Ari Cuenin *
Michael R. Abrams *
Elizabeth Brown Fore *
  SBN 200471
Alex M. Dvorscak *
Cody C. Coll *
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com
* Admitted *pro hac vice*


/s/ Bradley A. Benbrook
Bradley A. Benbrook
  SBN 177786
Stephen M. Duvernay
  SBN 250957
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

*Counsel for Defendants*


### CERTIFICATE OF SERVICE

I hereby certify that this document was served on all counsel of record on April 22, 2025, via the Court's CM/ECF system.

/s/ Cody C. Coll
Cody C. Coll