**BENBROOK LAW GROUP, PC**
Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

**STONE HILTON PLLC**
Judd E. Stone II *
Christopher D. Hilton *
Ari Cuenin *
Michael R. Abrams *
Elizabeth Brown Fore (SBN 200471)
Alexander M. Dvorscak *
Cody C. Coll*
600 Congress Ave.
Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com
* Admitted *pro hac vice*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ANGELO CARUSONE, and ERIC HANANOKI,<br><br>*Plaintiffs*,<br><br>v.<br><br>X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.,<br><br>*Defendants*. | Case No.: 3:25-cv-02397-VC<br><br>**DEFENDANTS X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.'s NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants hereby notify the Court of further developments and new authority that should inform this Court's analysis of Defendants' Motion to Dismiss or Transfer. ECF 51. On March 6, 2025, after litigating on the merits for over 15 months, Plaintiffs moved the Northern District of Texas to transfer Defendants' claims against them to this Court. ECF 152, *X Corp. v. Media Matters for Am., et al.*, No. 4:23-cv-01175-O (N.D. Tex. filed Mar. 6, 2025) ("*Texas Case*"). On May 2, Judge O'Connor denied that motion and ordered X Corp. to "file a brief explaining whether [Media Matters, Carusone, and Hananoki's] conduct should be sanctioned." ECF 190 at 9, *Texas Case* (filed May 2, 2025) ("Forfeiture Order"). A true and correct copy of that order is attached hereto as Exhibit A.

The Court should take judicial notice of Judge O'Connor's ruling. *See* Fed. R. Evid. 201; *Oliver v. EHM Prods., Inc.*, 2023 WL 6519755, at *1 n.1 (N.D. Cal. 2023) (Chhabria, J.). The Court previously stated that Judge O'Connor must decide the impact of the forum selection clause on which Plaintiffs rely. ECF 28 at 1-2 ("[I]t is for the Northern District of Texas to decide how [the forum selection clause] relates to the case pending before it [and] . . . whether Media Matters forfeited its right to assert the forum selection clause . . . "). Judge O'Connor has now resolved that issue against Plaintiffs, and that ruling should preclude Plaintiffs from relying on the forum selection clause here as a basis to argue that the Texas suit or the foreign suits belong in California or as a basis for liability in this case.

As Judge O'Connor explained, Plaintiffs "forfeited [their] right to assert the forum selection clause" because they "delayed" in doing so and thus "no legal approach [] supports transfer[]." Forfeiture Order at 4. And that result obtains under either of the potentially applicable analytical approaches. Waiver occurs when a party intentionally relinquishes a known right or engages in conduct so inconsistent with the intent to enforce it that its actions imply forfeiture. Forfeiture Order at 2. Or waiver can occur when a party substantially invokes the judicial process in derogation of the clause and causes prejudice to the other party. Forfeiture Order at 2.

Plaintiffs never sought transfer of the Texas case until over 15 months into the litigation, despite their awareness of and reference to the forum selection clause. Forfeiture Order at 4-5. Put

simply, "waiting over a year and a half, moving to dismiss a case on the merits (twice), engaging in numerous discovery disputes, and appealing an unfavorable decision to the Fifth Circuit" was not consistent with an intent to enforce the clause and constituted a substantial invocation of the judicial process. Forfeiture Order at 5. Furthermore, Judge O'Connor held that, in light of Plaintiffs' "excessive delay" and "extensive motions practice," a transfer would only exacerbate the prejudice to X Corp. Forfeiture Order at 5-6. Plaintiffs' conduct caused prejudice by consuming considerable time and resources in a forum Defendants only much later sought to challenge under a forum selection clause. Forfeiture Order at 5-6.

Because he found that Plaintiffs waived any right "they *may* have had" to enforce the forum selection clause, Judge O'Connor declined to reach other arguments about the enforceability or applicability of the forum selection clause. Forfeiture Order at 6 & n.12. Recognizing that Plaintiffs "waited to learn which way the wind was blowing before requesting transfer," and noting that he had previously warned Plaintiffs about their "pattern of gamesmanship,"[1] Judge O'Connor ordered X Corp. to brief the court's authority to sanction Plaintiffs' conduct and whether that conduct should be sanctioned. Forfeiture Order at 9 (both quotations cleaned up). X Corp. will comply with that directive.

Here, Defendants opposed Plaintiffs' preliminary injunction motion on the ground that Plaintiffs waived or forfeited any arguable right to enforce the forum selection clause. ECF 40 at 13-14. Defendants also moved to dismiss and moved to strike on that ground. *See* ECF 63 at 4; ECF 68 at 10-11. And, again on that ground, Defendants moved to stay this Court's preliminary injunction ruling pending appeal. ECF 65 at 6, 14. This Court deferred that issue to Judge O'Connor's capable hands for resolution. ECF 28 at 1-2. Judge O'Connor has now expressly determined that Plaintiffs waived the contractual right they seek to enforce against Defendant X Corp. here. At a minimum, the Court should grant the relief Defendants have requested as to X

---

[1] *See* ECF 81 at 8, *Texas Case* (filed Aug. 16, 2024) ("Gamesmanship of this sort is inappropriate and contrary to the rules . . . "); *see also* ECF 98 at 7, *Texas Case* (filed Sept. 27, 2024) (Plaintiffs' "conduct [was] unwarranted and wholly unjustified"); ECF 108 at 8, *Texas Case* (filed Oct. 7, 2024) (Plaintiffs "plainly ignore[ed] the Court's Order").

Corp. on that basis. But this Court should also give effect to Judge O'Connor's ruling by granting Defendants' requested relief as to Twitter International Unlimited Co. ("TIUC") and Twitter Asia Pacific Pte. Ltd. ("TAP") for additional reasons.

First, as explained further in the motion to dismiss and motion to strike, this Court can dismiss the Complaint against TIUC and TAP for multiple independent reasons unrelated to waiver, including failure to allege subject matter jurisdiction because Plaintiffs' claims do not approach the $75,000 amount-in-controversy requirement, lack of personal jurisdiction over the foreign entities, and failure to allege a cause of action for breach of contract because neither TAP nor TIUC are bound by the terms of service ("TOS") and even if they were, the operative TOS point toward Texas. *See* ECF 63 at 4; ECF 68.

Second, Judge O'Connor's ruling decided an issue raised in this litigation: whether Plaintiffs forfeited their right to enforce the forum selection clause by sitting on their hands and failing to timely raise it. That issue was fully and fairly litigated in the Texas case, Judge O'Connor rendered a binding decision, and that issue was resolved against Plaintiffs. Thus, Judge O'Connor's ruling may be entitled to preclusive effect upon entry of final judgment in the Texas case. *See Hardwick v. County of Orange*, 980 F.3d 733, 740 (9th Cir. 2020) (applying California preclusion law); *In re Clem*, 124 F.4th 341, 348 (5th Cir. 2024) (applying similar Texas law). This is true even though TIUC, TAP, and X Corp. are different entities. Under Plaintiffs' theory of this case, the non-signatory foreign defendants are bound to the terms of service ("TOS") between Hananoki and X Corp. because they are third-party beneficiaries or because they are closely related to or are alter egos of X Corp. *E.g.*, ECF 51 at 7-11. Defendants disagree.[2] But Plaintiffs' position estops them from now arguing that Judge O'Connor's ruling in the Texas case should not be given preclusive effect as to TIUC and TAP. *Yack v. Wash. Mut., Inc.*, 389 B.R. 91, 96 (N.D. Cal. 2008) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by

---

[2] As Defendants have argued repeatedly, this is false because, *inter alia*, TIUC and TAP have no contacts with X Corp. that would render them closely related to X Corp.'s TOS, they are not "third party beneficiaries" of X Corp.'s TOS, and they are not X Corp.'s alter egos. *E.g.*, ECF 51 at 7-11. Defendants have sought dismissal and moved for a stay on this basis.

3

asserting one position, and then later taking to their benefit a clearly inconsistent position."). Plaintiffs cannot claim that TIUC and TAP are bound by the TOS when it suits them and then disclaim rulings relating to the same TOS against the same parties. If the TOS ties TIUC and TAP to X Corp., as Plaintiffs incorrectly claim, then they are also tied for purposes of Judge O'Connor's order finding that "Plaintiffs forfeited [their] right to assert the forum selection clause." Forfeiture Order at 4.

Third, and putting aside preclusion, the Court should defer to Judge O'Connor's ruling, just as it deferred the question to him for that ruling. Otherwise, the parties will face conflicting rulings in related cases, a result that courts strive diligently to avoid, especially in related cases. *See, e.g.*, *In re Chiropractic Antitrust Litig.*, 483 F. Supp. 811, 813-14 (J.P.M.L. 1980) (suggesting "consultation and cooperation among" the relevant district courts to "minimize the possibility of conflicting pretrial rulings"); *Gentry v. Cellco P'ship*, No. CV 05–7888 GAF, 2006 WL 6927883, at *8-9 (C.D. Cal. Mar. 22, 2006) (deference "will avoid duplicative litigation and the useless consumption of judicial resources" when resolution of an issue in another forum can foreclose a claim or case). Moreover, the argument for waiver or laches as to TIUC and TAP is compelling. Counsel for Plaintiffs, in open court, admitted that it was a "considered decision" not to raise an argument about the forum selection clause in the foreign fora—despite the fact that Media Matters has been litigating in those foreign jurisdictions for more than 18 months. *See* ECF 58 at 10:13-20; 40-9 at ¶ 2 (Irish litigation commenced on December 4, 2023). Even worse, and like in the Texas case, Media Matters referenced the very same TOS containing the forum selection clause that they now try to belatedly invoke here, but likewise did not argue they applied. Forfeiture Order at 4-5; ECF 40-8 at ¶ 24; ECF 40-9 at ¶ 34. Plaintiffs' actions lay bare—and the Texas decision confirms—Plaintiffs' motivation in filing this Complaint: an impermissible eleventh-hour reset on its litigation against X Corp. and its subsidiaries because it did not like "which way the wind was blowing" in the Texas litigation or, presumably, in the foreign litigation. Forfeiture Order at 9.

The Court should give effect to Judge O'Connor's ruling and hold that Plaintiffs may not now assert the forum selection clause in an effort to stop the foreign litigation or the Texas

litigation or as the basis for a breach of contract claim. Specifically, the Court should vacate its preliminary injunction and dismiss this case. At the very least, to give deference to Judge O'Connor's order and avoid conflicting rulings, the Court should stay its preliminary injunction while Defendants appeal that ruling.

Dated: May 14, 2025.   Respectfully submitted.

/s/ Christopher D. Hilton
Judd E. Stone II *
Christopher D. Hilton *
Ari Cuenin *
Michael R. Abrams *
Elizabeth Brown Fore
  SBN 200471
Alex M. Dvorscak *
Cody C. Coll *
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com
* Admitted *pro hac vice*

Bradley A. Benbrook
  SBN 177786
Stephen M. Duvernay
  SBN 250957
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on all counsel of record on May 14, 2025, via the Court's CM/ECF system.

/s/ Cody C. Coll
Cody C. Coll