JUSTIN A. NELSON* (TX SBN 24034766)
jnelson@susmangodfrey.com
MATTHEW BEHNCKE* (TX SBN 24069355)
mbehncke@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

KATHERINE M. PEASLEE (CA SBN 310298)
kpeaslee@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

AMANDA BONN (CA SBN 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
*pro hac vice*

*Attorneys for Plaintiff Media Matters for America*
*(Additional parties and counsel listed with signature)*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ANGELO CARUSONE, and ERIC HANANOKI<br><br>Plaintiff,<br><br>vs.<br><br>X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.<br><br>Defendant. | Case No. 3:25-cv-02397-VC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants X Corp., Twitter International Unlimited Co., and Twitter Asia Pacific Pte. Ltd. ("Defendants" or "X") filed the Northern District of Texas District Court's May 2 Order denying transfer as Supplemental Authority (Defendants' "Supplemental Submission," ECF 69) in this proceeding nearly two weeks after that Order issued, on the eve of this Court's hearing on Defendants' Motion to Dismiss or Transfer. The May 2 Order does not affect the proceedings before this Court.

Contrary to Defendants' characterization, the Texas Court's May 2 Order does not purport to opine on whether Plaintiffs in this action can *ever* assert the X Terms of Service's forum selection clause in any proceeding, against any party, for any purpose—nor could it do so, as that was not the question before the Texas court. Rather, the Texas court was addressing a motion to transfer under 28 U.S.C. § 1404.[1] As such, it considered the specific question of "whether Media Matters forfeited its right to assert the forum selection clause in the Texas case by waiting so long to file a motion based upon it." ECF 69-1 at 4. The Texas court found that Media Matters has waived the ability to do so. That conclusion with respect to the propriety of transfer does not control the relevant question before this Court: that is, whether Plaintiffs may pursue a claim for breach of contract with respect to the Texas action. They can.

Contrary to X's Supplemental Submission, Plaintiffs are still entitled to seek damages for X's breach of contract for costs incurred as a consequence of X's breach in Texas—that is, as a consequence of having been required to litigate in the incorrect forum. As one court has explained, "it is entirely possible to distinguish the outcome of a case filed in the allegedly incorrect forum from a party's claim that a forum selection clause was breached." *Cognex Corp. v. Air Hydro Power, LLC*, 651 F. Supp. 3d 322, 329 (D. Mass. 2023) (discussing *MPVF Lexington Partners,*

---

[1] Media Matters' motion also reasserted a request to dismiss under 28 U.S.C. § 1406.

*LLC v. W/P/V/C, LLC*, 148 F. Supp. 3d 1169 (D. Colo. 2015), in which the plaintiff lost a Kentucky state court motion to dismiss based on a forum selection clause but could still pursue damages in the District of Colorado for the breach). In this instance, the respective standards applied—a transfer analysis under 28 U.S.C. §1404 in one instance versus breach of contract in the other— are different. And while Plaintiffs' own conduct in Texas may go to the *amount* recoverable, it would not be appropriate to dismiss Plaintiffs' claim now absent further briefing and development of the record on what that amount may be. The fact of any delay in seeking transfer does not prove that additional costs would be zero. Indeed, in *Digimarc Corp. v. Verance Corp.*, 2011 WL 7077315, at *12 (D. Or. Sept. 19, 2011), *report and recommendation adopted*, 2012 WL 183425 (D. Or. Jan. 23, 2012), the court upheld a breach of contract claim for costs incurred litigating a case in the District of Delaware that had been filed in breach of a forum selection clause, despite the fact that no § 1404 transfer motion had ever been filed in the Delaware matter. *See id*. at *4 (stating that Delaware matter dismissed on other grounds); *Verance Corp. v. Digimarc Corp. (Delaware)*, 2011 WL 2182119, at *8 n.8 (D. Del. June 2, 2011) (court in Delaware matter noting that no § 1404 transfer motion had been filed).

More generally, while forum selection clauses are most often enforced through a motion to transfer, there is no general prohibition on also seeking damages for the breach. *See, e.g., id*.; *Cognex Corp.*, 651 F. Supp. 3d at 329; *Leonard v. Nike Inc*., 2020 WL 2528815, at *5 (D. Or. May 18, 2020) (granting judgment on the pleadings on Nike's counterclaim for breach of a forum selection clause, where case had originally been filed in wrong district and was transferred under § 1404); *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 2016 WL 6432620, at *3 (S.D. Ind. Oct. 31, 2016) (upholding counterclaim for breach of forum selection clause seeking attorneys' fees and costs for litigating successful transfer motion); *Lab. Corp. of Am. Inc. v. Upstate Testing*

*Lab., Inc*., 967 F. Supp. 295, 299 (N.D. Ill. 1997) ("Upstate's initiation of a [now dismissed] lawsuit in New York violated the forum selection clause. LabCorp has a right to enforce that provision and recover damages for its breach."). To be sure, Plaintiffs will need to prove up their damages; but that is not a reason to dismiss their well-pleaded claim. And the Texas court's Order does not speak to the availability of damages in this forum at all.

X's Supplemental Submission goes even further afield when it asserts that the Texas court's Order precludes Media Matters' claims with respect to the foreign litigations filed by Defendants. ECF 69 at 3. The Singapore and Ireland matters are separate from the Texas action—as X itself has repeatedly emphasized—and neither concerns the Texas court. Neither foreign action was discussed in the parties' briefing on transfer. Nor does the May 2 Order purport to opine on Media Matters' ability to enforce the forum selection clause with respect to the foreign actions—or mention the foreign actions at all. *See* ECF 69-1. Accordingly, Defendants' Supplemental Submission is likewise incorrect when it suggests that dismissal as to Plaintiffs' breach of contract claim regarding the Texas action would resolve matters "as to X Corp." ECF 69 at 2–3. Plaintiffs' claim for breach of contract with respect to the international litigations is asserted against all Defendants—X Corp., TIUC and TAP. *See* ECF 1, p.36 (asserting Count II "Against X Corp., TIUC, and TAP"); *see also id*. ¶¶ 27–29 (alter ego allegations), ¶ 78, ¶ 86.

Finally, as stated on the record at the May 15 hearing, Plaintiffs strongly dispute X's allegations of "gamesmanship," which are belied by Plaintiffs' consistent venue objections in each of X's filed actions—and neither foreign court has even issued any substantive rulings because they are still adjudicating Media Matters' jurisdictional challenges, belying the claim that Media Matters "waited to learn which way the wind was blowing" in those cases. ECF 69 at 4.

Dated: May 16, 2025

By:   */s/ Justin Nelson*

JUSTIN A. NELSON* (TX SBN 24034766)
jnelson@susmangodfrey.com
MATTHEW BEHNCKE* (TX SBN 24069355)
mbehncke@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

KATHERINE M. PEASLEE (CA SBN 310298)
kpeaslee@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

AMANDA BONN (CA SBN 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
*Facsimile: (310) 789-3150*

AMER S. AHMED* (NY SBM 4382040)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com

*\*pro hac vice*

*Attorneys for Plaintiffs Media Matters for America, Angelo Carusone, and Eric Hananoki*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document has been served on all current counsel of record via the Court's CM/ECF system on May 16, 2025.

*/s/ Justin Nelson*

Justin A. Nelson