UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>X CORP., et al.,<br><br>            Defendants. | Case No. 25-cv-02397-VC<br><br>**ORDER DENYING MOTION TO DISMISS AND/OR TRANSFER**<br><br>Re: Dkt. No. 51 |

The motion to dismiss and/or transfer is denied. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.[1]

*Subject matter jurisdiction.* The Court has subject matter jurisdiction. Where a plaintiff "presents a nonfrivolous, good faith claim of damages in excess of the jurisdictional threshold, and a defendant argues that a contractual limitation of liability clause caps damages below the jurisdictional threshold, dismissal [for failure to reach the amount in controversy threshold] is inappropriate." *Kennedy v. Kive Co.*, 2025 WL 1368644, at *5 (D. Or. Mar. 10, 2025) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1104–08 (9th Cir. 2010)). That rule applies here: Because the limitation of liability clause in the terms of service may be unconscionable, it is not at all clear that Media Matters's claim is below the threshold.[2] The fact that the limitation of liability clause may be enforceable and thus cap

---

[1] The ruling granting in part the motion to enjoin foreign litigation mentioned that a more detailed explanation would be forthcoming. But then the defendants filed this motion to dismiss. The ruling on this motion obviates the need to issue a follow-up ruling relating to the preliminary injunction.

[2] Except when necessary to refer to individual plaintiffs, this ruling refers to the plaintiffs

damages at $100 does not defeat subject matter jurisdiction because "the existence of a valid defense to [a] claim does not eliminate federal jurisdiction," and district courts do not need to adjudicate such defenses before determining whether they have subject matter jurisdiction. *See Geographic Expeditions*, 599 F.3d at 1108; *see also Travelers Casualty Insurance Co. of America v. ACS Security Industries, Inc.*, 2013 WL 12439537, at *4 (C.D. Cal. Mar. 14, 2013) (declining to decide whether limitation of liability clause was unconscionable where, as here, plaintiff alleged in complaint that it was). And attorneys' fees incurred in defending a separate lawsuit can be recoverable as damages in a suit for breach of contract. *See, e.g.*, *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057–58 (N.D. Cal. 2004); *Gilbane Federal v. United Infrastructure Projects FZCO*, 275 F. Supp. 3d 1180, 1196 (N.D. Cal. 2017) (damages recoverable for breach of forum-selection clause); *cf. also Wareka v. Trusper Inc.*, 2022 WL 2980429, at *1–2 (N.D. Cal. July 28, 2022).[3]

Separately, subject matter jurisdiction exists because the value to Media Matters of an injunction may meet the jurisdictional threshold. The amount in controversy requirement is satisfied where an injunction is worth more than $75,000 to the plaintiff. *See Doe v. Aetna, Inc.*, 2018 WL 1614392, at *4 (N.D. Cal. Apr. 4, 2018). Media Matters alleges that it has spent millions of dollars defending against X's suits. It is not clear that, even if the foreign X entities reassert their claims here, Media Matters would not save $75,000 by defending against those claims in one suit in California instead of multiple suits in multiple countries.

*Media Matters's and Carusone's standing.* Media Matters and Carusone have standing to enforce the terms of service because they are closely related to the contractual relationship between Hananoki and X. The X entities' claims against them arise out of Hananoki's use of the platform, and that use of the platform is the subject matter of the terms of service to which

---

collectively as Media Matters.

[3] X argues that *Platte* stands only for the proposition that attorneys' fees are available as damages when a statute so provides. But in *Platte*, the court concluded that attorneys' fees were recoverable as consequential damages for a breach of contract—and then noted that, "[e]ven were this insufficient," the statute could provide a basis for attorneys' fees. *See id.* at 1058.

Hananoki agreed. *See, e.g.*, *JH Portfolio Debt Equities, LLC v. Garnet Capital Advisors, LLC*, 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018).

*The forum selection clause's application to the foreign X entities.* The forum selection clause applies to and binds the foreign X entities because they are third-party beneficiaries to the contract who claim benefits from that contract. Under California law, a non-signatory is a third-party beneficiary of a contract if the "parties to the contract . . . expressly intended that the third party would benefit." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1234 (9th Cir. 2013). That intent is found where "the terms of the contract necessarily require the promisor to confer a benefit on a third person." *Hicks v. Utiliquest, LLC*, 736 F. Supp. 3d 849, 860 (E.D. Cal. 2024). The terms of service do so: They state that the X entities—which include, among others, X's parents, affiliates, and related companies—"disclaim all warranties and conditions," as well as various forms of liability. So the foreign X entities are third-party beneficiaries. And under California law, a third-party beneficiary who "claim[s] benefits or rights under the contract" can be bound to a forum selection clause contained in that contract. *See McArthur v. McArthur*, 224 Cal. App. 4th 651, 662 (2014).[4] By disclaiming warranties and liability in the terms of service, the X entities plausibly claimed a benefit under those terms.[5] Because the X entities brought their suits in foreign courts, Media Matters could not move to transfer, and so was forced to bring a separate suit for breach of contract with respect to those suits. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 993 (9th Cir. 2006).

---

[4] *McArthur* involved an arbitration clause. But the Ninth Circuit has said that cases involving arbitration clauses are applicable to cases involving forum selection clauses "because an agreement to arbitrate is actually a specialized forum selection clause." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988).

[5] X cites several cases for the proposition that a third-party beneficiary can only be bound to a forum selection clause where that third party seeks to enforce the contract containing that clause. But the cases it cites discuss that principle in the context of a theory of equitable estoppel. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101–02 (9th Cir. 2006) (discussing this rule and then separately discussing requirements applicable to third-party beneficiaries); *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 231–32 (2009); *Namisnak v. Uber Technologies, Inc.*, 315 F. Supp. 3d 1124, 1127–28 (N.D. Cal. 2018). Under California law, equitable estoppel and third-party beneficiary status provide separate bases "by which a nonsignatory may be bound to arbitrate." *E.g.*, *Suh v. Superior Court*, 181 Cal. App. 4th 1504, 1513 (2010).

The X entities are also bound by the forum selection clause because, as noted above, their suits against Media Matters are closely related to the contractual relationship between Hananoki and X. Even where a party did not sign a contract, "the forum selection clause within that contract can apply to" that non-signatory where its "alleged conduct is so closely related to the contractual relationship." *Velaro, Inc. v. National Flood Services, LLC*, 2021 WL 8779924, at *5 (C.D. Cal. July 7, 2021) (quoting *Manetti-Farrow*, 858 F.2d at 514 n.5); *see also Products & Ventures International v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 201703, at *7 (N.D. Cal. Jan. 18, 2017) (quoting *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 456 (9th Cir. 2007)).

The foreign suits against Media Matters are within the scope of the forum selection clause. Where a forum selection clause covers disputes "relating to" a particular agreement, it applies to "any disputes that reference the agreement or have some 'logical or causal connection' to it." *Sun v. Advanced China Healthcare*, 901 F.3d 1081, 1088 (9th Cir. 2018). The dispute "need not grow out of the contract or require interpretation of the contract in order to relate to" it. *Id.* The forum selection clause at issue here covers "[a]ll disputes related to these Terms or the Services." The "Services" are defined broadly to include X's "various websites, . . . applications, buttons, widgets, [and] ads." The foreign suits against Media Matters assert that it misrepresented the screenshots Hananoki took of ads on Twitter. These claims therefore have a logical and causal connection to Hananoki's use of the services, including ads and either the website or application, and thus relate to the terms.

*Personal jurisdiction.* Because the foreign X entities are bound by the forum selection clause, they are properly subject to personal jurisdiction in California. *See Axus*, 2017 WL 201703, at *7; *Chan v. Society Expeditions*, 39 F.3d 1398, 1406 (9th Cir. 1994).

*Venue.* The binding forum selection clause also makes venue proper in this court (and defeats X's *forum non conveniens* argument). *E.g.*, *HDOS Franchise Brands, LLC v. El Paso Hot Dog, LLC*, 2021 WL 5629923, at *5 (S.D. Cal. June 29, 2021). And the version of the forum selection clause placing venue in California, not the new version placing venue in Texas, applies.

As a general matter, venue is determined at the time of filing, and a company that moved its headquarters could certainly update its terms of service to place venue closer to its new home. But the specific language of the terms at issue here makes the old version of the terms applicable. The terms say that disputes related to "these Terms"—that is, that particular contract—must be litigated in California. Media Matters alleges that the X entities breached the old terms by filing suits abroad rather than in California (as those terms, in force at the time, required). This case is therefore a dispute related to the old terms—which provide that any such dispute must be brought in California. That the plaintiffs have since agreed to the new terms does not affect this, because the new terms say that they do not apply retroactively.

*Failure to state a claim.* The complaint does not fail to state a claim for the reasons X offers in its motion to dismiss. The declaratory relief claim is not duplicative of the breach of contract claim because the contract claim is retrospective while the declaratory relief claim is prospective. X's argument that the claims against the foreign entities must be dismissed because those entities are non-signatories fails for the reasons given above.

**IT IS SO ORDERED.**

Dated: July 3, 2025

_____
VINCE CHHABRIA
United States District Judge