UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> X CORP., et al., <br><br> Defendants. | Case No. 25-cv-02397-VC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART SPECIAL MOTION TO STRIKE** <br><br> Re: Dkt. No. 68 |

The special motion to strike is granted in part and denied in part. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

The motion is denied with respect to the second and third claims, which address foreign litigation. "Petitioning activity undertaken in a foreign country is not protected by the anti-SLAPP statute." *Guessous v. Chrome Hearts, LLC*, 179 Cal. App. 4th 1177, 1186 (2009) (cleaned up). The exception from *Summerfield v. Randolph* obviously does not apply because the foreign litigation at issue here was not initiated or prosecuted to influence U.S. litigation. 201 Cal. App. 4th 127, 133–34 (2011); *see also Cirrus Education, Inc. v. Adams*, 2017 WL 6820017, at *1 (C.D. Cal. May 22, 2017), *rev'd on other grounds sub nom.*, *Cirrus Beijing Corp. v. Adams*, 772 F. App'x 600 (9th Cir. 2019). To the contrary, the X entities maintain that the foreign lawsuits were brought for the purposes of seeking "recovery for harm to" each entity's "own economic interests that it separately suffered." Dkt. No. 65 at 7.[1]

---

[1] This assertion by the X entities is dubious. It appears that the real purpose of the foreign suits is

The motion is granted with respect to the first claim, regarding the Texas litigation. Media Matters has waived the right to sue for breach of contract based on X's failure to adhere to the forum selection clause in bringing the Texas case. It might be true as a technical matter that Media Matters's ability to bring a claim for breach of the clause is separate from its ability to pursue a venue transfer under it. But the fact remains that Media Matters, despite being aware of the forum selection clause from the start, did not invoke it with respect to the Texas litigation for over a year and a half, until after it had moved to dismiss twice, engaged in multiple discovery disputes, and pursued an interlocutory appeal. *See X Corp. v. Media Matters for America*, 23-cv-1175 (N.D. Tex. May 2, 2025). Judge O'Connor's ruling may not be binding on this Court. But there is no good reason to disagree with his conclusion as to waiver.[2]

Because X prevails on its motion to strike with respect to the first claim only, it is entitled to recover its attorneys' fees and costs incurred in moving to strike that claim only. Cal. Civ. Proc. Code § 425.16(c)(1); *Resolute Forest Products, Inc. v. Greenpeace International*, 302 F. Supp. 3d 1005, 1027 (N.D. Cal. 2017). At the same time, a plaintiff prevailing on an anti-SLAPP motion to strike can be awarded fees and costs if the motion was frivolous. Cal. Civ. Proc. Code § 425.16(c)(1). It appears that Media Matters may be entitled to its fees incurred in litigating the aspects of the motion to strike targeting the foreign lawsuits, because those lawsuits are so clearly not protected activity under the statute, and X did not even acknowledge or address that issue in its opening brief. The parties are therefore encouraged to call it a wash. If they are unable to do so, they are ordered to file statements of their costs and fees incurred in litigating

---

to bully Media Matters. But either way, the purpose of the foreign suits is obviously not to influence the domestic litigation.

[2] For the reasons stated at the two previous hearings, this Court disagrees with X's assertion that Media Matters's delay in asserting the forum selection clause was the product of gamesmanship. Media Matters was not waiting to see which way the wind was blowing before asserting the forum selection clause. At the outset, Media Matters sought dismissal of the suit on the ground that it was filed in the wrong forum (albeit without asserting that the forum selection clause applied). Media Matters was effectively seeking the same result that the forum selection clause could have gotten it: a ruling clearing the way for the litigation to take place in California. That's not waiting to see which way the wind blows. It's clear that Media Matters simply missed its strongest argument, namely, that the phrase "related to" in the forum selection clause is quite broad under California law and thus covers the dispute between X and Media matters.

this motion within 14 days. Any objection to the other side's statement of costs and fees is due 7 days after that.[3]

**IT IS SO ORDERED.**

Dated: July 3, 2025

_____
VINCE CHHABRIA
United States District Judge

---

[3] As should be clear, this ruling does not affect the scope of the preliminary injunction, because X Corp. is still a defendant on the second and third claims and the injunction only addresses litigation outside of the United States.