**BENBROOK LAW GROUP, PC**
Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

**STONE HILTON PLLC**
Judd E. Stone II *
Christopher D. Hilton *
Ari Cuenin *
Michael R. Abrams *
Elizabeth Brown Fore (SBN 200471)
Alexander M. Dvorscak *
Cody C. Coll *
600 Congress Ave., Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com
* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ANGELO CARUSONE, and ERIC HANANOKI,<br><br>     *Plaintiffs*,<br><br> v.<br><br>X CORP., TWITTER INTERNATIONAL UNLIMITED CO., and TWITTER ASIA PACIFIC PTE. LTD.,<br><br>     *Defendants*. | **Case No.: 3:25-cv-02397-VC**<br><br>**DEFENDANTS X CORP., TWITTER INTERNATIONAL UNLIMITED CO., AND TWITTER ASIA PACIFIC PTE. LTD.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants X Corp., Twitter International Unlimited Co. ("TIUC"), and Twitter Asia Pacific Pte. Ltd. ("TAPPL")[*] (collectively, "Defendants"), submit the below answer and defenses to the Complaint (ECF No. 1) filed by Plaintiffs Media Matters for America ("MMFA"), Angelo Carusone, and Eric Hananoki, and respectfully show the Court as follows:

## ANSWER TO COMPLAINT

Defendants deny the allegations contained in the Complaint except for those expressly admitted. *See* Fed. R. Civ. P. 8(d). The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. The headings in the Complaint set forth in the sections titled "Factual Allegations" and "Causes of Action and Claims for Relief" do not constitute factual allegations and therefore no response to those headings is required. Insofar as responses may be deemed to be required, Defendants deny all allegations stated or implied in the headings of the Complaint. Unless specifically indicated otherwise, Defendants deny all factual allegations in the footnotes of the Complaint.

## INTRODUCTION

1.     Defendants admit that none of the three lawsuits referenced in Paragraph 1 of the Complaint were filed in the San Francisco Division of the Northern District of California. Defendants deny all remaining allegations in Paragraph 1 of the Complaint.

2.     Defendants admit that X Corp. promulgated Version 19 of its Terms of Service on September 29, 2023 and Version 20 of its Terms of Service on November 15, 2024. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

---

[*] For ease of readership, this pleading refers to Defendants as they are identified in the caption of the Complaint. Defendants note, however, that TIUC is now X Internet Unlimited Company and TAPPL is now X Asia Pacific Internet Pte Ltd.

3.      Defendants admit that MMFA has represented that it is based in Washington D.C.; that Angelo Carusone is MMFA's President; and that Eric Hananoki has the title of Senior Investigative Reporter for MMFA. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and on that basis deny the allegations in their entirety.

4.      Defendants admit that Elon Musk concluded his acquisition of Twitter Inc. in October 2022. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in the second sentence of Paragraph 5 of the Complaint, and on that basis deny the allegations in their entirety. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants admit that X Corp. brought a lawsuit against the Center for Countering Digital Hate in July 2023 styled *X Corp. v. Center for Countering Digital Hate*, No. 3:23-cv-03836 (N.D. Cal.). Defendants admit that a motion to dismiss and to strike X Corp.'s suit was granted. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendants admit that in August 2023, X Corp. announced a partnership with Integral Ad Science. Defendants admit that a press release accompanied the announcement of the partnership and that the press release speaks for itself. Defendants admit that Linda Yaccarino issued statements about the partnership and that her statements speak for themselves. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendants admit that Hananoki wrote articles about X Corp. that MMFA published, including an article published on November 16, 2023. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.     Defendants admit that the November 16, 2023 article included the image depicted in Paragraph 9 of the Complaint. Defendants dispute Plaintiffs' characterization of the November 16, 2023 article and deny all remaining allegations in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations in Paragraph 10 of the Complaint.

11.    Defendants admit that Musk made a post on the X social media platform on November 18, 2023 and that the post speaks for itself. Defendants dispute Plaintiffs' characterization of the post and deny all remaining allegations in Paragraph 11 of the Complaint.

12.    Defendants admit that X Corp. filed a lawsuit against MMFA and Hananoki in the Northern District of Texas on November 20, 2023 and later amended the suit to add Carusone as a defendant. Defendants admit that X Corp. is a Nevada company that was headquartered in California on November 20, 2023. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in the third and fourth sentences of Paragraph 12 of the Complaint, and on that basis deny those allegations in their entirety, with the exception of the allegation that "Texas is not referenced in the article," which is specifically denied. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.    Defendants admit that Musk responded to a user post on November 20, 2023 and that the post speaks for itself. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendants admit that TIUC and TAPPL brought lawsuits against MMFA in Ireland and Singapore, respectively. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.    Defendants admit that Musk made statements in the Spaces feature of the X social media platform on December 10, 2023 and that the statements speak for themselves. Defendants

deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that Plaintiffs seek or have sought various forms of declaratory and injunctive relief from this Court. Defendants deny that Plaintiffs are entitled to any of the relief they seek or have sought and deny the remaining allegations in Paragraph 16 of the Complaint.

17.     The first sentence of Paragraph 17 of the Complaint consists of rhetorical flourishes and conclusory statements to which no response is required. To the extent any response is deemed required, Defendants deny any wrongdoing for which they need to be held "accountable." Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

## PARTIES

18.     Defendants admit that MMFA has represented that it is a web-based publisher incorporated under the laws of the District of Columbia and with its principal place of business in the District of Columbia. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 18 of the Complaint, and on that basis deny the allegations in their entirety.

19.     Defendants admit that as of the date of this filing, and based on information publicly available on MMFA's website, Carusone holds himself out as MMFA's CEO and President. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and on that basis deny the allegations in their entirety.

20.     Defendants admit that as of the date of this filing, and based on information publicly available on MMFA's website, Hananoki holds himself out as a Senior Investigative Reporter for MMFA. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and on that basis deny the

allegations in their entirety.

21.     Defendants admit the first, fourth and fifth sentences of Paragraph 21 of the Complaint. Defendants deny the allegations in the second and third sentences of Paragraph 21 of the Complaint.

22.     Defendants admit that TIUC is an Irish company with a registered address in Dublin, Ireland. Defendants admit that TIUC is a subsidiary of X Corp. Defendants admit that TIUC operates the X social media platform in the European Union, United Kingdom, and European Free Trade Association ("EFTA") states. Defendants deny all remaining allegations in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations in Paragraph 23 of the Complaint.

### JURISDICTION

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants admit only that Version 19 of X's Terms of Service speak for themselves. Defendants dispute Plaintiffs' characterization of X Corp.'s statements in the unrelated litigation discussed in Paragraph 25 of the Complaint and deny the remaining allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants admit that TIUC and TAPPL are subsidiaries of X Corp. Defendants admit that Musk is the Chairman of X Corp. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants admit only that various articles purported to describe events at X Corp. following the October 2022 acquisition. Defendants dispute the accuracy of those articles and deny

the remaining allegations in Paragraph 29 of the Complaint.

### DIVISIONAL ASSIGNMENT

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

### VENUE

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

### FACTUAL ALLEGATIONS

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that as of the date of this filing, and based on information publicly available on MMFA's website, Carusone holds himself out as MMFA's CEO and President. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 33 of the Complaint, and on that basis deny the allegations in their entirety.

34.     Defendants admit that as of the date of this filing, and based on information publicly available on MMFA's website, Hananoki holds himself out as a Senior Investigative Reporter for MMFA. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 34 of the Complaint, and on that basis deny the allegations in their entirety.

35.     Defendants deny that there was a marked increase in extremist rhetoric on the X social media platform after Musk took ownership of the platform. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 35 of the Complaint, and on that basis deny the allegations in their entirety.

36.     Defendants admit that Elon Musk concluded his acquisition of Twitter Inc. in October 2022. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 39 of the Complaint related to reports by the Brookings Institute and the School of Communication and Media at Montclair State University, and on that basis deny the allegations in their entirety. Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Defendants admit only that the referenced New York Times article speaks for itself. Defendants dispute the accuracy of the article and deny all remaining allegations in Paragraph 40 of the Complaint.

41.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 41 of the Complaint, and on that basis deny the allegations in their entirety.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the Complaint.

45.    Defendants admit only that the articles listed in Paragraph 45 of the Complaint speak for themselves. Defendants dispute the accuracy of the articles and deny all remaining allegations in Paragraph 45 of the Complaint.

46.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 46 of the Complaint, and on that basis deny the allegations in their entirety.

47.    Defendants admit that MMFA published articles about the X social media platform

and that Hananoki was often shown as the author of those articles. Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint.

50.    Defendants admit that on November 16, 2023, Hananoki authored an article published on MMFA's website entitled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content." Defendants dispute Plaintiffs' description of the article and deny all remaining allegations in Paragraph 50 of the Complaint.

51.    Defendants admit that the November 16 article included the images set out in Paragraph 51 of the Complaint. Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint.

53.    Defendants deny that Hananoki researched, fact-checked, and drafted the November 16 article mirroring common journalistic practices. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 53 of the Complaint, and on that basis deny the allegations in their entirety.

54.    Defendants admit only that Linda Yaccarino's statements on CNBC on August 10, 2023 speak for themselves. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.    Defendants admit only that Musk's post on the X social media platform on November 18, 2023 speaks for itself and that the post received likes, comments, and reposts. Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56.     Defendants admit only that Musk's post on the X social media platform on November 18, 2023 speaks for itself. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

57.     Defendants admit only that Musk's post on the X social media platform on November 18, 2023 speaks for itself. Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

58.     Defendants admit that on November 20, 2023, X Corp. filed suit against MMFA and Hananoki in the Northern District of Texas alleging claims for interference with contract, business disparagement, and interference with prospective economic advantage. Defendants admit that on February 2, 2024, X Corp. amended its suit to add Carusone as a defendant. Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59.     Defendants admit that X Corp. filed its suit against MMFA in the Northern District of Texas. Defendants admit that as of November 20, 2023, X Corp. was headquartered in San Francisco and that Defendants held themselves out as residents of Washington D.C. and Maryland. Defendants deny the remaining allegations in Paragraph 59 of the Complaint.

60.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 63 of the Complaint.

64.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Defendants admit only that X Corp.'s suit speaks for itself. Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants admit that TAPPL (referred to in the Complaint as "TAP") sent MMFA a letter on December 7, 2023, and that the letter speaks for itself. Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

72.     Defendants admit that TAPPL filed an originating claim in the General Division of the High Court of the Republic of Singapore against MMFA on July 23, 2024 and that TAPPL's originating claim speaks for itself. Defendants deny the remaining allegations in Paragraph 72 of the Complaint.

73.     Defendants admit only that TAPPL's originating claim speaks for itself. Defendants deny the remaining allegations in Paragraph 73 of the Complaint.

74.     Defendants admit only that TAPPL's originating claim speaks for itself.

Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75.    Defendants admit only that TAPPL's originating claim speaks for itself. Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

76.    Defendants admit only that TAPPL's originating claim speaks for itself. Defendants deny the remaining allegations in Paragraph 76 of the Complaint.

77.    Defendants admit that litigation between MMFA and TAPPL remains ongoing in Singapore. Defendants dispute Plaintiffs' characterization of the status of the litigation, including MMFA's representations therein, and deny the remaining allegations in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations in Paragraph 78 of the Complaint.

79.    Defendants admit that TIUC's proceedings in Ireland against MMFA were instituted in December 2023 and that an order issued by Mr. Justice Ferriter, a copy of the Plenary Summons dated December 6, 2023, a copy of the Notice of the Plenary Summons dated December 7, 2023, a Grounding Affirmation of Mohit Bhargava affirmed December 4, 2023, and accompanying exhibits were first served on MMFA on December 11, 2023. TIUC's allegations in the litigation in Ireland speak for themselves. Defendants deny the remaining allegations in Paragraph 79 of the Complaint.

80.    Defendants admit only that TIUC's allegations in the litigation in Ireland speak for themselves. Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81.    Defendants admit only that TIUC's allegations in the litigation in Ireland speak for themselves. Defendants deny the remaining allegations in Paragraph 81 of the Complaint.

82.    Defendants admit only that TIUC's allegations in the litigation in Ireland speak for themselves. Defendants deny the remaining allegations in Paragraph 82 of the Complaint.

83.     Defendants admit only that TIUC's allegations in the litigation in Ireland speak for themselves. Defendants deny the remaining allegations in Paragraph 83 of the Complaint.

84.     Defendants admit only that TIUC's allegations in the litigation in Ireland speak for themselves. Defendants deny the remaining allegations in Paragraph 84 of the Complaint.

85.     Defendants admit that litigation between TIUC and MMFA remains pending in Ireland. Defendants deny the remaining allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants admit the allegations in Paragraph 87 of the Complaint.

88.     Defendants admit only that Twitter UK's letter to MMFA dated December 19, 2023 speaks for itself. Defendants deny the remaining allegations in Paragraph 88 of the Complaint.

89.     Defendants admit only that Twitter UK's letter to MMFA dated December 19, 2023 speaks for itself. Defendants deny the remaining allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants admit that every user of the X social media platform must agree to the terms of service before using the platform. Defendants admit that the process of creating an account as described in the block paragraph in Paragraph 91 is accurate. Defendants admit that Eric Hananoki was required to agree to the terms of service prior to using the X social media platform. Defendants deny the remaining allegations in Paragraph 91 of the Complaint.

92.     Defendants admit that Hananoki created an account on the X social media platform (then Twitter) in July 2020 and that Hananoki agreed to the then-applicable terms of service. Defendants deny the remaining allegations in Paragraph 92 of the Complaint.

93.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 93 of the Complaint, and on that basis deny the

allegations in their entirety.

94.     Defendants admit only that Paragraph 94 accurately recites a portion of Version 19 of the terms of service effective from September 29, 2023 to November 14, 2024. Defendants deny the remaining allegations in Paragraph 94 of the Complaint.

95.     Defendants admit only that Paragraph 95 accurately recites a portion of Version 19 terms of service effective from September 29, 2023 to November 14, 2024. Defendants deny the remaining allegations in Paragraph 95 of the Complaint.

96.     Defendants dispute Plaintiffs' characterization of the lawsuits brought by X Corp., TAPPL, and TIUC and deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 98 of the Complaint, and on that basis deny the allegations in their entirety.

99.     Defendants admit that Version 19 of the terms of service effective from September 29, 2023 to November 14, 2024 provide that "[t]hese Terms are an agreement between you and X Corp." Defendants deny any remaining allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the first sentence of Paragraph 100 of the Complaint. With respect to the remainder of Paragraph 100, Defendants admit only that it accurately recites a portion of Version 19 of the terms of service effective from September 29, 2023 to November 14, 2024. Defendants deny the remaining allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants dispute Plaintiffs' characterization of Musk's remarks in the CNBC interview referenced in Paragraph 106 of the Complaint and deny all remaining allegations in Paragraph 106 of the Complaint.

107.    Defendants dispute Plaintiffs' characterization of Musk's remarks in the Dealbook Summit interview referenced in Paragraph 107 of the Complaint and deny all remaining allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants admit only that Paragraph 109 reflects a screenshot of a Musk post to the X social media platform on September 4, 2023. Defendants deny the remaining allegations in Paragraph 109 of the Complaint.

110.    Defendants admit only that Paragraph 110 reflects a screenshot of a Musk post to the X social media platform on September 4, 2023. Defendants deny the remaining allegations in Paragraph 110 of the Complaint.

111.    Defendants admit only that Paragraph 111 reflects a Musk post to the X social media platform on September 4, 2023. Defendants deny the remaining allegations in Paragraph 110 of the Complaint.

112.    Defendants admit that X Corp. brought a lawsuit against the Center for Countering Digital Hate in July 2023 styled *X Corp. v. Center for Countering Digital Hate*, No. 3:23-cv-03836 (N.D. Cal.). Defendants deny the remaining allegations in Paragraph 112 of the Complaint.

113.    Defendants admit only that an order issued in *X Corp. v. Center for Countering Digital Hate*, No. 3:23-cv-03836 (N.D. Cal.) dismissing in part and striking in part X Corp.'s

claims and that Plaintiffs recite from a portion of that order. Defendants dispute the correctness of any factual findings or legal conclusions rendered in that order and deny the remaining allegations in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    Defendants deny the first and second sentences of Paragraph 115 of the Complaint. With respect to the third and fourth sentences, Defendants admit only that the referenced posts on the X social media platform speak for themselves. Defendants deny the remaining allegations in Paragraph 115 of the Complaint.

116.    Defendants admit only that the referenced posts on the X social media platform speak for themselves. Defendants deny the remaining allegations in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 120 of the Complaint, and on that basis deny the allegations in their entirety.

121.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 121 of the Complaint, and on that basis deny the allegations in their entirety.

122.    Defendants admit that they have sought discovery from Plaintiffs in litigation in the Northern District of Texas. Defendants dispute Plaintiffs' characterization of the discovery sought and deny the remaining allegations in Paragraph 122 of the Complaint.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

## COUNT I

123.    Paragraph 123 does not require a response. In an abundance of caution, Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

124.    Paragraph 124 contains assertions of law, conclusory statements, and/or argument to which no response is required. Paragraph 124 also asserts claims that the Court has already dismissed. *See* ECF No. 92 at 2. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

125.    Defendants admit only that Version 19 of X's Terms of Service speaks for itself. Defendants deny the remaining allegations in Paragraph 125 of the Complaint.

126.    Paragraph 126 contains assertions of law, conclusory statements, and/or argument to which no response is required. Paragraph 126 also asserts claims that the Court has already dismissed. *See* ECF No. 92 at 2.To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

127.    Paragraph 127 contains assertions of law, conclusory statements, and/or argument to which no response is required. Paragraph 127 also asserts claims that the Court has already dismissed. *See* ECF No. 92 at 2. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

128.    Paragraph 128 contains assertions of law, conclusory statements, and/or argument to which no response is required. Paragraph 128 also asserts claims that the Court has already dismissed. *See* ECF No. 92 at 2. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

129.    Paragraph 129 contains assertions of law, conclusory statements, and/or argument to which no response is required. Paragraph 129 also asserts claims that the Court has already dismissed. *See* ECF No. 92 at 2. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

130.    Defendants deny the allegations in Paragraph 130 of the Complaint.

## COUNT II

131.    Paragraph 131 does not require a response. In an abundance of caution, Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

132.    Paragraph 132 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

133.    Defendants admit only that Version 19 of X's Terms of Service speaks for itself. Defendants deny the remaining allegations in Paragraph 133 of the Complaint.

134.    Paragraph 134 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

135.    Paragraph 135 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

136.    Paragraph 136 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations in Paragraph 138 of the Complaint.

## COUNT III

139.    Paragraph 139 does not require a response. In an abundance of caution, Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

140.    Defendants admit that TIUC filed suit against MMFA in Ireland and that TAPPL filed suit against MMFA in Singapore. Defendants deny the remaining allegations in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    Defendants admit that X Corp. sued MMFA in the Northern District of Texas, that TIUC sued MMFA in Ireland and that TAPPL sued MMFA in Singapore. Defendants deny the remaining allegations in Paragraph 142 of the Complaint.

143.    Paragraph 143 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

144.    Paragraph 144 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief, inclusive of subparts (a)-(d) thereto.

## JURY DEMAND

The section of Plaintiffs' Complaint entitled "Jury Demand" contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in this Paragraph.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

Defendants assert the following defenses but do not concede that they bear the burden of proof as to any of them:

1.      The Court lacks subject matter jurisdiction over this dispute because Plaintiffs fail to satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

2.      The Court lacks personal jurisdiction over TIUC and TAPPL.

3.      MMFA and Carusone lack standing to enforce any clause in any version of X Corp.'s terms of service.

4.      Venue is improper in this District and Division.

5.      Plaintiffs' claims are barred, in whole or in part, by laches.

6.      Plaintiffs' claims are barred, in whole or in part, by waiver.

7.      Plaintiffs' claims are barred, in whole or in part, by forfeiture.

8.      Plaintiffs' claims are barred, in whole or in part, by res judicata.

9.      Plaintiffs' claims are barred, in whole or in part, by equitable estoppel.

10.     Plaintiffs' claims are barred, in whole or in part, by unclean hands.

11.     Plaintiffs' claimed damages are barred or should be reduced because Plaintiffs caused, contributed to, and/or failed to mitigate their damages.

12.     Plaintiffs fail to state a claim because no version of the X Corp. terms of service

applies to the facts that Plaintiffs have alleged.

13.     Plaintiffs fail to state a claim against TIUC and TAPPL because the forum selection clause in the X Corp. terms of service does not apply to TIUC and TAPPL.

14.     In the alternative, this suit constitutes a breach of contract as a violation of Version 20 of the X Corp. terms of service, which were in effect at the time of this suit.

15.     In the alternative, Plaintiffs failed to perform one or more conditions precedent to suit.

16.     In the alternative, Plaintiffs' claims are barred by accord and satisfaction.

17.     In the alternative, Plaintiffs' claims are barred by the doctrine of novation.

18.     In the alternative, Plaintiffs' claims are barred by the doctrine of ratification.

## JURY DEMAND

Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## DEFENDANTS' PRAYER FOR RELIEF

Defendants respectfully request that Plaintiffs take nothing from their action, that their claims be dismissed, and that costs and fees be assessed against Plaintiffs. Defendants additionally pray that the Court award Defendants any other and further relief to which they may be justly entitled.

Dated: July 31, 2025.                    Respectfully submitted.

                                         */s/ Christopher D. Hilton*
                                         Judd E. Stone II *
                                         Christopher D. Hilton *
                                         Ari Cuenin *
                                         Michael R. Abrams * *
                                         Elizabeth Brown Fore
                                           SBN 200471
                                         Alex M. Dvorscak *
                                         Cody C. Coll *
                                         **STONE HILTON PLLC**
                                         600 Congress Ave., Suite 2350
                                         Austin, TX 78701
                                         Telephone: (737) 465-7248
                                         judd@stonehilton.com
                                         chris@stonehilton.com
                                         ari@stonehilton.com
                                         michael@stonehilton.com
                                         elizabeth@stonehilton.com
                                         alex@stonehilton.com
                                         cody@stonehilton.com
                                         * Admitted *pro hac vice*


                                         */s/ Bradley A. Benbrook*
                                         Bradley A. Benbrook
                                           SBN 177786
                                         Stephen M. Duvernay
                                           SBN 250957
                                         **BENBROOK LAW GROUP, PC**
                                         701 University Avenue, Suite 106
                                         Sacramento, CA 95825
                                         Telephone: (916) 447-4900
                                         brad@benbrooklawgroup.com

                                         *Counsel for Defendants X Corp., Twitter*
                                         *International Unlimited Co., and Twitter Asia*
                                         *Pacific Pte. Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on all counsel of record on July 31, 2025, via the Court's CM/ECF system.

_/s/ Christopher D. Hilton_____
Christopher D. Hilton