FILED

DEC 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA; ANGELO CARUSONE; ERIC HANANOKI, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> X CORP.; TWITTER INTERNATIONAL UNLIMITED COMPANY; TWITTER ASIA PACIFIC PTE, LTD., <br><br> Defendants - Appellants. | No. 25-2463 <br><br> D.C. No. 3:25-cv-02397-VC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted November 17, 2025
San Francisco, California

Before: BOGGS, BRESS, and MENDOZA, Circuit Judges.**

Media Matters published an article claiming that X Corp.'s ("X") content moderation policies permitted the placement of "pro-Nazi" content next to

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, Sixth Circuit, sitting by designation.

advertisements for major brands. In response, X and its foreign subsidiaries sued Media Matters in three jurisdictions, including Ireland. After litigating for over a year in Ireland, Media Matters brought suit in the Northern District of California, invoking a forum selection clause in X's terms of service. The district court entered an anti-suit injunction that enjoined X from pursuing the Ireland litigation.

We "review[ ] the district court's decision to grant or deny a preliminary injunction for abuse of discretion," but "[t]he district court's interpretation of the underlying legal principles . . . is subject to de novo review." *Cal. Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 475 (9th Cir. 2022) (quotation marks and citation omitted). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we vacate the injunction.

1. As an initial matter, the district court had subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). X challenges only the amount in controversy, but its challenge fails. A court can only dismiss a case on amount-in-controversy grounds if it "'appear[s] to a legal certainty'" that the controversy will not exceed $75,000 in value. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

Here, the value of an injunction to Media Matters likely exceeds $75,000. *See Corral v. Select Portfolio Serv., Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (explaining

that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation") (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).  X, if successful in the Ireland litigation, would likely be entitled to more than $75,000 in damages. A successful anti-suit injunction would terminate the foreign action and also prevent Media Matters from enduring some duplicate litigation (likely producing savings even if X re-files in the United States).  X argues that since its terms of service limit liability to $100, Media Matters' recovery is limited to an amount less than $75,000. But "'the existence of a valid defense to [a] claim' does not eliminate federal jurisdiction." *Geographic Expeditions*, 599 F.3d at 1108 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)).[1]

    2. The parties dispute whether Media Matters has the right to enforce X's terms of service against X's foreign affiliates.  But we conclude that even if Media Matters had such a right, it waived the right to exercise the forum selection clause in X's terms by actively litigating the Ireland case for over a year without raising the forum selection clause in either Ireland or the Northern District of California.

---

[1] Media Matters also meets the amount in controversy based on its claimed damages in the form of attorneys' fees for X's alleged violation of the forum selection clause. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1049 (9th Cir. 2015); *Copenbarger v. Morris Cerullo World Evangelism, Inc.*, 239 Cal. Rptr. 3d 838, 844–46 (Cal. Ct. App. 2018).

Waiver can be based on a party's litigation conduct. *See, e.g.*, *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 471 (9th Cir. 2023) (explaining that parties waive their right to enforce an arbitration clause (a type of forum selection clause) when they delay enforcement "by actively litigating [their] case," such as by "answer[ing] complaints, mov[ing] to dismiss the action, and [failing to] claim a right to [enforcement] in any of the pleadings") (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016)). In this case, Media Matters had knowledge of X's terms of service from the beginning of the Ireland litigation (and cited them in its briefs for other jurisdictional defenses before the Irish court), so it had all the information it needed to defend its rights. Yet instead of invoking the forum selection clause, Media Matters litigated in Ireland for over a year before it raised the issue for the first time in this action. Whether Media Matters failed to raise the forum selection clause earlier due to gamesmanship or the potential negligence of its prior counsel is not dispositive, as the parties agreed at oral argument. *See Hansen v. W. Greyhound Ret. Plan*, 859 F.2d 779, 783 (9th Cir. 1988) ("[L]ack of actual knowledge is not dispositive—waiver may be based on constructive knowledge.").

X has also demonstrated prejudice resulting from Media Matters' litigation conduct. *See* 13 *Williston on Contracts* § 39:15 (4th ed.) ("[T]he probability that a court will find a waiver or other excuse for nonperformance increases in proportion to the extent and unfairness of the forfeiture involved."). In the Ireland litigation,

the parties submitted hundreds of pages of affidavits and other evidence that would have otherwise been unnecessary in the context of the underlying dispute. Media Matters' excessive delay in raising the forum selection clause, coupled with the litigation already conducted in Ireland, prejudiced X. This conclusion is, if anything, even stronger in the context of an anti-suit injunction, which turns on principles of equity. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 993 (9th Cir. 2006).

Media Matters argues that it has consistently contested jurisdiction in Ireland. But that is not determinative. The right that Media Matters seeks to enforce through the forum-selection clause is the contractual right to litigate the case before a different tribunal in San Francisco—not the right to terminate the Irish litigation on jurisdictional grounds. Media Matters also urges us to look to our arbitration case law to find that a party needs to "actively litigate[ ] the *merits* of a case" for there to be waiver. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (emphasis added); *see also Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935 (9th Cir. 2019). But these cases are inapposite, as the parties there affirmatively raised their right to arbitrate early on. *See Armstrong*, 59 F.4th at 1015; *Newirth*, 931 F.4th at 942. In contrast, Media Matters never invoked the forum selection clause until over a year into the Ireland litigation. And it actively litigated the case on other grounds in Ireland. *See Hill*, 59 F.4th at 471.

Media Matters argues that it did not waive reliance on the forum selection clause because it had no obligation to raise that issue in Ireland. But even so, Media Matters failed to raise the forum-selection clause in either Ireland or California for over a year while it actively litigated the Irish case using other theories. That is enough to find waiver. Indeed, Media Matters' position would seemingly permit it to litigate in a foreign forum right up to the expiration of the statute of limitations, then sue to enjoin the foreign litigation in the United States. We are aware of no precedent supporting that approach.

For these reasons, we conclude that the district court erred in enjoining the Ireland litigation because Media Matters waived its right to invoke the forum selection clause in a California court.

3. The district court's injunction also prevents the "X entities . . . from prosecuting or initiating litigation outside of the United States against Media Matters that arises from [the] same conduct alleged in the Ireland and Singapore complaints." This portion of the injunction appears contingent on the anti-suit injunction issued against the Ireland litigation, which we have vacated. For this reason, we vacate the district court's injunction in full. On remand, the district court may consider whether an injunction against other possible foreign litigation is necessary or appropriate.[2]

---

[2] In light of our resolution of this appeal based on waiver, we have no occasion to reach X's other assignments of error. X's motion to stay proceedings in the district court, Dkt. 31, is denied as moot. The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**